521 So.2d 470 (1988)
STATE of Louisiana
v.
Reginald ADAMS.
No. KA-7735.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
Writ Denied April 22, 1988.
*471 Harry F. Connick, Dist. Atty., Joseph McCusker, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State of La.
Sherry Watters, New Orleans, for defendant-appellant Reginald Adams.
Before GARRISON, KLEES and ARMSTRONG, JJ.
KLEES, Judge.
Defendant, Reginald Adams was charged by bill of information with attempted burglary of an automobile in violation of LSA-R.S. 14:27 and 14:62. Following a denial of his motions to suppress the identification, confession and evidence, defendant was tried by a six-member jury and found guilty as charged. He was sentenced to six years at hard labor. From this conviction and sentence, defendant appeals.
On the night of January 14, 1986, New Orleans Police Officer Frank Vaccarella was on patrol in the area of Canal and Burgundy Streets. From a distance of thirty feet, he observed the defendant pacing near a parked vehicle and looking inside it. The defendant had a tool and was tampering with the rear window. Officer Vaccarella walked closer and observed the defendant put his tool away and unroll some wire. He stopped the defendant and said "I want to talk to you, hold on, let's see some identification." Officer Vaccarella then noticed the rear window was open one-quarter to one-half inch. He advised defendant that he was under arrest, searched him and discovered a screwdriver and a roll of wire. Officer Vaccarella then advised defendant of his rights.
Defendant asserts two assignment of error. He argues that the trial court erred in allowing the State to re-open its case on the pre-trial motions to suppress the evidence and confession.[1] The record indicates that prior to the motion hearing, a preliminary hearing was held in magistrate court. At the motion hearing, there was a great deal of confusion as to whether the court was conducting a second preliminary hearing or the hearing on the motions to suppress. The trial court ruled that it would not conduct a second preliminary hearing, but would hear argument on the motions.
The Louisiana Supreme Court in State v. Cole, 434 So.2d 1103 (La.1983), held that whether to permit a second suppression hearing or a reopened suppression hearing prior to trial is a matter which properly addresses itself to the discretion of the trial judge. In the instant matter, the trial court first heard testimony on the motion to suppress the evidence. The State presented Officer Vaccarella who testified to the circumstances of the search of defendant pursuant to the arrest. The State tendered the witness, and the defense did not cross. The State submitted. The defense then argued that the State did not prove probable cause to arrest. The court reopened the hearing, even though the state did not move to reopen. The State recalled Officer Vaccarella and questioned him regarding the circumstances of the confession. Again the defense argued that *472 the State did not prove probable cause. The court, on its own motion, recalled Vaccarella and asked him three questions regarding the actual burglary of the car. The defense objected that the court had taken on the prosecution of the case by actively eliciting testimony from the witness. The State argued that the evidence elicited by the court was produced previously by the State at the preliminary examination and that it had not reviewed the evidence a second time for this reason.
Defendant in his brief argues that the court, by reopening the suppression hearing, abandoned its role as a neutral arbitrator. We find no merit to this argument. As was stated in Cole, supra, the reopening of a motion hearing was a matter for judicial discretion. After reviewing the record, we find that the trial court neither committed error nor abused its discretion in reopening the motion to suppress hearing.
Defendant further argues that the trial court took on the prosecution's burden of proof. C.Cr.P. art. 703(D) provides that when the defendant files a motion to suppress, the State bears the burden of proving the admissibility of a "purported confession or statement by the defendant or of any evidence seized without a warrant." See State v. Roberds, 393 So.2d 715 (La. 1981); State v. Franklin, 353 So.2d 1315 (La.1977). Regardless of whether there was a preliminary examination in magistrate court, the State still bore the burden of showing probable cause to the judge in this prosecution. At the motion hearing in the present case, the State fell grossly short in making this showing. The Assistant District Attorney asked questions that pertained to what evidence was seized, when the defendant was advised of his rights, and what the statement said, but failed to address the issue of whether Officer Vaccarella had probable cause to arrest. Admittedly, the State failed to carry its burden under the motion, and the court should not have asked the pertinent questions itself.
Nevertheless, in determining whether a ruling on a defense motion to suppress was correct, an appellate court is not limited to the evidence adduced at the hearing on the motion, but rather, the court may consider pertinent evidence received at trial. State v. Seward, 509 So.2d 413 (La.1987); State v. Brooks, 505 So.2d 714 (La.1987). At trial, the State adduced the testimony of Officer Vaccarella in which he said he saw the defendant prying a rear window of the automobile with a tool in an attempt to break into the vehicle. Officer Vaccarella's trial testimony confirms that he had probable cause to make the warrantless arrest because he witnessed the crime in progress. For this reason, we conclude that the trial court properly denied the defense motions to suppress the evidence and identification.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant's confession was not admitted at trial, so we need not address any argument regarding the confession.