COVINGTON, Chief Judge.
Joseph Nixon was charged by bill of information number 8-86-271 with two counts of simple burglary of an inhabited dwelling, in violation of LSA-R.S. 14:62.2. In bill of information number 8-86-270, he was charged with one count of armed robbery, in violation of LSA-R.S. 14:64. In bill of information number 7-86-51, the defendant was charged with one count of attempted simple burglary of an inhabited dwelling, in violation of LSA-R.S. 14:27 and 62.2, and four counts of simple burglary of an inhabited dwelling, in violation of LSA-R.S. 14:62.2. The defendant pled guilty to all of the above charges. He received a sentence of twenty-five years at hard labor, without benefit of parole, probation, or suspension of sentence, for the armed robbery conviction. For each of the six simple burglary of an inhabited dwelling convictions, the defendant received a sentence of twelve years at hard labor, including one year without benefit of parole, probation, or suspension of sentence. For the attempted simple burglary of an inhabited dwelling conviction, the defendant received a sentence of six years at hard labor, including one without benefit of parole, probation, or suspension of sentence. All of these sentences were imposed concurrently.
The defendant has appealed under all three bills of information, alleging three assignments of error, as follows:
*327 1. The trial court erred in allowing the reopening of the hearing on the motion to suppress.
2. The trial court erred in denying the defendant’s motions to suppress.
3. The trial court erred in imposing excessive sentences and in failing to comply with the sentencing guidelines of La.C. Cr.P. art. 894.1.
These three appeals are consolidated for purposes of this opinion.
The facts concerning the armed robbery are derived from the testimony at the preliminary examination, the motion to suppress, and the Boykin colloquy. On February 3, 1986, the defendant entered the Ka-jon Food Store in East Baton Rouge Parish and robbed an employee, Donna Tomb, at gunpoint. The factual information about the burglaries is contained in the bills of information, i.e., that between April 25 and June 3, 1986, the defendant committed simple burglary of six inhabited dwellings and attempted simple burglary of one inhabited dwelling, all of which are located in East Baton Rouge Parish.
Sgt. Paul Venable, Jr., of the East Baton Rouge Parish Sheriff’s Office learned through a confidential informant that the defendant had committed the Kajon Food Store armed robbery. Sgt. Venable also learned that there was an outstanding arrest warrant on the defendant for burglary. After the defendant was arrested and given his Miranda rights, he confessed to the armed robbery. Later, he also confessed to the burglaries and attempted burglary of inhabited dwellings.
ASSIGNMENT OF ERROR NUMBER ONE:
In this assignment of error, the defense contends that the trial court erred in allowing the State to reopen the hearing on the motion to suppress.
Initially, the defendant filed a motion to suppress under each of the three bills of information. However, on the scheduled date for the hearing of these motions in April, 1987, it was agreed to limit testimony to the circumstances surrounding the armed robbery charge. After Sgt. Venable testified, the State rested. The defendant then claimed that he had been physically abused by the officers and induced to confess through promises of a reduced sentence. After the defense rested, the trial court took the matter under advisement, and requested briefs.
On May 8, 1987, the State filed a motion to reopen the hearing on the motion to suppress in order to allow the other two police officers who were present when the defendant made the armed robbery confession to testify concerning his claims of abuse and promises by the officers. On June 26, 1987, the trial court allowed the hearing on the motion to suppress to be reopened, over defense objection.
The defense contends that, by giving the State the opportunity to reopen the suppression hearing after the defense had presented its case, the State “was given the chance to completely redesign or reaf-fect (sic) its case.”
Whether to permit a second suppression hearing or a reopened suppression hearing is a matter within the discretion of the trial court. State v. Adams, 521 So.2d 470 (La.App. 4th Cir.), writ denied, 523 So.2d 231 (La.1988). See also State v. Cole, 434 So.2d 1103 (La.1983).
After reviewing the record, we find that the trial court did not abuse its discretion in reopening the suppression hearing. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, the defendant contends that the trial court erred in denying his three motions to suppress. At the reopened suppression hearing, Sgt. Michael J. Dickerson of the Baton Rouge City Police testified to the circumstances surrounding the defendant’s armed robbery confession. When the State called the third officer (Sgt. Blackwell) to testify, defense counsel informed the trial court of a scheduling conflict and requested a recess, which was granted. On June 30, 1987, before the testimony on the reopened suppression hearing could be completed, the *328 defendant decided to plead guilty to all of the charges.
On May 19, 1988, the trial court entered in the record a denial of all three motions to suppress and indicated that the defendant had reserved his right to contest on appeal these denials, and the ruling allowing the State to reopen the suppression hearing. The record does not disclose that the reopened suppression hearing on the armed robbery confession was completed, or that hearings on the other motions to suppress ever took place.
The record does reflect that the trial court denied all motions to suppress, but there is no record of any testimony or other evidence introduced in regard to the volun-tariness of the defendant’s confessions to the simple burglaries or the attempted simple burglary.
The defendant has assigned as error the denial of each of the motions to suppress. Without any evidence in the record in regard to two of the motions to suppress, and with the record reflecting that the reopened suppression hearing was not completed, this Court cannot review those rulings. Because all of the defendant’s guilty pleas were entered pursuant to a plea bargain agreement, and considering the posture of the motions to suppress, we conclude that all of the guilty pleas and sentences must be vacated.
ASSIGNMENT OF ERROR NUMBER THREE:
Because of our action, there is no need to treat this assignment.
All convictions and sentences are vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.
VACATED AND REMANDED.