573 So.2d 111 (1991)
STATE of Florida, Appellant,
v.
Trevor Loyd HARVEY, Appellee.
No. 90-01139.
District Court of Appeal of Florida, Second District.
January 4, 1991.
*112 Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellant.
Dwight M. Wells, Tampa, for appellee.
PARKER, Judge.
The state of Florida appeals an order granting a motion to suppress. We reverse.
Trevor Harvey, the defendant, filed a motion to suppress which the trial court granted after an evidentiary hearing.[1] The state filed a motion for rehearing or reconsideration and set it for an evidentiary hearing. On the hearing date, the trial court first heard defense counsel's motion for withdrawal. The trial judge granted that motion. The following colloquy took place.
THE COURT: Okay. Motion to Withdraw is granted. Are you ready to proceed now with the Motion for Reconsideration or Rehearing?
THE DEFENDANT: Say what now, Your Honor?
... .
THE COURT: Are you going to hire another lawyer?
THE DEFENDANT: Yes, sir. I think that would be my best bet.
THE COURT: Okay. Do you want me to conduct a hearing on the Motion for Rehearing at this point, or do you want a continuance for the purpose of hiring a lawyer?
... .
THE DEFENDANT: No, sir, I'm going to get somebody who can talk for me, I need a lawyer, sir.
THE COURT: I'm going to give you one week from today to do that. I will see you at 8:30 next Wednesday.
At that point the state objected to a continuance because it had subpoenaed two doctors to testify. Without any further consultation with Harvey, the trial court proceeded with the evidentiary hearing at which two doctors testified. The trial court allowed Harvey to cross examine the doctors. At the end of the hearing, the trial court stated that the motion would be taken under advisement. Five days later the trial court filed an order denying the motion for rehearing. In the order the trial court stated that "the court intended to continue the hearing on the motion for *113 rehearing until Harvey could obtain counsel but Harvey seemed disinclined to retain counsel and the state requested that the hearing be held because they had subpoenaed two medical doctors to testify... ." The court also stated that if the state had presented the doctors' testimony at the first hearing, the trial court would have denied the motion to suppress; however, the trial court was denying the motion for rehearing because the state should not be given a second hearing to prove what it should have proved at the first hearing. It is this order from which the state appeals.
A trial court has the inherent power to reconsider a ruling made on a motion to suppress, upon appropriate motion by either counsel, while that court has jurisdiction of the case. Savoie v. State, 422 So.2d 308, 312 (Fla. 1982). Once the trial court decided to consider the state's motion and conducted an evidentiary hearing on the matter, the trial court erred in then holding that it would suppress the evidence even though suppression should be denied based on the evidence, because the state should have presented the evidence at the first hearing. Cf. Savoie (once trial court decides to hear a motion to suppress made during the course of the trial, the state's waiver objection is moot; the trial court must rule on the merits and cannot rule that the defendant waived the suppression issue).
This court, however, cannot instruct the trial court to deny the motion to suppress (as the trial court indicated the evidence supported) because Harvey was deprived of his right to counsel. The record does not support the trial court's finding that Harvey appeared disinclined to retain counsel. To the contrary, Harvey consistently and affirmatively stated that he needed counsel to represent him. It was fundamental error for the court to proceed with the hearing. See Michigan v. Jackson, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986) (sixth amendment right to counsel at all critical stages is a fundamental right). Accordingly, the trial court's order is reversed and this cause remanded for a new evidentiary hearing where Harvey shall be represented by counsel.
Reversed and remanded.
HALL, A.C.J., and PATTERSON, J., concur.
NOTES
[1] The issue at the first hearing on the motion to suppress was whether it was an unreasonable search for police officers to direct medical staff at a hospital to perform a medical procedure which removed the contents of Harvey's stomach after the officers observed Harvey swallow a plastic bag containing what the officers believed to be cocaine.