Abel MONTALVO, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–91–320–CR.

Court of Appeals of Texas, Austin.

Jan. 13, 1993.

C. Kent Hargis, Houston, for appellant.

Ronald Earle, Dist. Atty., Frank Bryan, Asst. Dist. Atty., Travis County, Austin, for appellee.

Before POWERS, B.A. SMITH and ONION,* JJ.

ONION, Justice (Retired).

This appeal is taken from a conviction for "possession of a controlled substance, namely: Cocaine" less than twenty-eight grams. Appellant waived trial by jury and entered a plea of guilty before the trial court. Appellant's punishment was assessed at six years' imprisonment and a fine of one thousand dollars. The imposition of the sentence was suspended and appellant was placed on probation subject to certain conditions.

Appellant advances three points of error as follows:

1. "Judge Wisser abused his discretion when he granted the State's motion to re-open evidence and reversed himself on appellant's motion to suppress."

2. "Judge Wisser lacked jurisdiction to permit the State to re-open evidence and reverse himself on the motion to suppress when the time for State to file an appeal had expired."

3. "Judge Wisser erred when he denied appellant's motion to suppress."

The points of error, *inter alia*, present questions, apparently of first impression, as to the extent to which a trial court may

---

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003(b) (West 1988).

reconsider its pretrial suppression order and whether the State's remedy, after the granting of a pretrial motion to suppress evidence, is restricted to its interlocutory appeal from such pretrial order.

On April 1, 1991, after an evidentiary hearing, the trial court granted appellant's pretrial motion to suppress evidence of the cocaine found in the ashtray of appellant's 1985 Chevrolet Camaro automobile following a traffic stop. Deputy Sheriff Frank Rodriguez testified that appellant was slow to stop despite the activated overhead lights on his patrol vehicle; and that during this time, appellant made three furtive gestures or movements inside the car. Appellant reached under the car seat and then made movements toward the passenger side of the car and to the center of the automobile. Rodriguez related that he was concerned about the safety of himself and his fellow officer and that he searched the driver's compartment for weapons. In his search for weapons, Rodriguez opened the ashtray and found the cocaine in question. The officer testified that a .22 caliber weapon, a short single-shot derringer, or other weapon would fit in the ashtray. The trial court expressed the wish that someone would have "brought the actual ashtray in here." The trial court thought the search of an ashtray for weapons was "strange" and granted the motion to suppress the evidence.

On April 5, 1991, the State filed a "Motion to Re–Open Evidence."[1] Attached to the motion were photographs of a .22 caliber mini-revolver fitting easily inside the ashtray recess in the console of a 1985 Chevrolet Camaro once the metal ashtray had been removed. Affidavits of a police officer and an Austin Capitol Chevrolet Company parts employee were also attached. These affidavits were to the effect that such a weapon as displayed in the photographs could fit inside the ashtray recess, which contained a cover or lid. The motion noted that the question was whether Deputy Rodriguez had a reasonable belief that a weapon might be hidden inside the ashtray.

The appellate record contains a court order dated July 24, 1991, which states in pertinent part:

On the 1st day of May 1991, came on to be heard the State's Motion to Re–Open evidence in this cause. Having considered the motion, affidavits, and argument of counsel the court granted leave to re-open. On the 23rd day of July, 1991, having reconsidered the evidence submitted, the affidavits affixed to the State's Motion to Re–Open, the Court finds that its initial ruling that the evidence in this case be suppressed is in error and the Court hereby rescinds that order.

THEREFORE IT IS ORDERED that the Defendant Abel Montalvo's Motion to Suppress is denied in all respects.

█ We shall jointly discuss appellant's first two points of error. Appellant urges that once Judge Wisser had granted the motion to suppress evidence, "the State's proper remedy ... was an appeal to a higher court." *See* Tex.Code Crim.Proc. Ann. art. 44.01 (West Supp.1992). Article 44.01 permits interlocutory appeals by the State under limited circumstances and certain conditions. The State's only right of appeal is confined to narrowly defined situations. The State's right to appeal is not encouraged by the statutory enactment.

Article 44.01(a)(5) provides:

(a) The state is entitled to appeal an order of a court in a criminal case if the order:

(5) grants a motion to suppress evidence, a confession, or an admission of jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance to the case.

Thus, the State has a right to appeal an interlocutory order granting a motion to suppress evidence. *See State v. Kaiser,*

---

**1.** Appellant contends that the State's motion was filed on May 4, 1991. The motion was filed on April 5, 1991, and was granted on May 1, 1991.

A duplicate motion was subsequently filed on May 4, 1991. The reason for this second filing is not clear from this record.

822 S.W.2d 697, 700 (Tex.App.—Fort Worth 1991, pet. ref'd); *State v. Monroe,* 813 S.W.2d 701, 702 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). To invoke the right of appeal under subsection (a) of the statute, the prosecuting attorney must give notice of appeal within fifteen days "after the date on which the order ... to be appealed is entered by the court." Tex. Code Crim.Proc.Ann. art. 44.01(d); *State v. Rosenbaum,* 818 S.W.2d 398, 402–03 (Tex. Crim.App.1991) (statutory period of fifteen days runs from date that the trial court indicated order would be entered). Appellant appears to argue that article 44.01 provides the exclusive remedy for the State when the trial court has granted a motion to suppress, and that when the State did not give notice of appeal within fifteen days after the granting of the motion to suppress evidence on April 1, 1991, it lost its only recourse. On April 5, 1991, the State filed in the trial court a motion to reopen the evidence on the suppression hearing, which motion was granted on May 1, 1991. On July 23, 1991, the trial court rescinded its earlier ruling and denied appellant's motion to suppress evidence. Appellant contends that the court lacked jurisdiction to permit the State to reopen the evidence and to later reverse itself on the earlier ruling since an appeal was the exclusive remedy for the State. Although appellant makes this assertion, he does not cite authorities or advance argument in support of the proposition. *See* Tex. R.App.P. 74(f). We have studied article 44.01 and its legislative history, *see State v. Moreno,* 807 S.W.2d 327 (Tex.Crim.App. 1991), and we find no legislative intent that the statute provide an exclusive remedy to the State when the trial court has granted a motion to suppress evidence. As one leading treatise has stated:

> In some jurisdictions, the law permits the prosecution to take an interlocutory appeal from a ruling granting the defendant's pretrial motion to suppress. But there are "differences between appellate review and reappraisal of a pretrial ruling at trial," and thus it cannot be said that the availability of interlocutory appeal eliminates any possible argument in

favor of reappraisal at trial on behalf of the prosecution. By appeal the prosecutor could overturn an erroneous pretrial ruling especially a misapplication of the law, but only reconsideration at trial would permit consideration of new facts. (Citations omitted).

4 Wayne R. LaFave, *Search and Seizure, A Treatise on the Fourth Amendment* § 11.2(f) at 260 (2nd ed. 1987).

In the instant case, the State acted within four days of the initial ruling to seek reconsideration of new facts bearing on the issue in question and substantially affecting the credibility of the evidence adduced at the original pretrial hearing. The State never sought to appeal the first ruling on the motion to suppress. We reject appellant's claim that article 44.01(a)(5) accorded the State an exclusive remedy and that the trial court lacked "jurisdiction" to permit the State to reopen the evidence on the suppression issue. *Cf. United States v. Scott,* 524 F.2d 465, 467 (5th Cir.1975) (rejecting claim that 18 U.S.C.A. § 3731 granting government the right to appeal a suppression order was an exclusive remedy); *Moreno,* 807 S.W.2d at 329 (legislature, in enacting article 44.01, intended to extend to State appellate powers akin to those the United States Congress had extended to the federal government in a criminal case).

■ Shifting his position, appellant also argues that if the trial court had the necessary discretion, it abused that discretion when it granted the State's motion to reopen the evidence and then reversed itself by rescinding the earlier order.

■ We observe that appellant made no objection to the trial court's actions. Generally, error must be preserved at trial with a timely and specific objection. *See* Tex. R.App.P. 52(a); *Turner v. State,* 805 S.W.2d 423, 431 (Tex.Crim.App.1991); *Sterling v. State,* 800 S.W.2d 513, 521 (Tex. Crim.App.1990). Moreover, appellant has failed to bring forward any statement of facts concerning the hearings on May 1 and July 23, 1991. The burden is on appellant to see that a sufficient record is presented to show error requiring reversal. Tex.

R.App.P. 50(d). Appellant's failure to present a statement of facts showing the rulings of the trial court to which he assigns error presents nothing for review. *See Smith v. State*, 789 S.W.2d 350, 357 (Tex. App.—Amarillo 1990, pet. ref'd). Therefore, any error is waived. *Guilder v. State*, 794 S.W.2d 765, 766–67 (Tex.App.—Dallas 1990, no pet.); *see also Hall v. State*, 829 S.W.2d 407, 410–11 (Tex.App.—Waco 1992, no pet.).

Even if it could be validly argued that error was preserved for review, and in light of the jurisdictional claim asserted, we shall further consider the contention. Both parties cite and rely on Tex.Code Crim.Proc.Ann. art. 36.02 (West 1981), which provides: "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."

■ The decision to reopen a case is left to the sound discretion of the trial court. *Cain v. State*, 666 S.W.2d 109, 111 (Tex. Crim.App.1984). Thus, a review of a trial court's decision to reopen a case is under an abuse of discretion standard. *Rogers v. State*, 774 S.W.2d 247, 263 (Tex.Crim.App.), *cert. denied*, 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989) [2]; *Holifield v. State*, 599 S.W.2d 836, 837 (Tex.Crim.App.1980); *see also McGowen v. State*, No. 69,855, (Tex.Crim.App., Dec. 2, 1992) (not yet reported).

■ Appellant relies on article 36.02 and contends that the argument on the pretrial motion to suppress had concluded and that the trial court abused its discretion in allowing the State to untimely reopen the evidence. Appellant would apparently substitute "before the argument of a motion to suppress is concluded" for the statutory language of "before the argument of a case is concluded." Appellant argues that caselaw requires "that if the evidence is reopened after argument is concluded, the case will be reversed." He cites *Williams v. State*, 35 Tex.Crim. 183, 32 S.W. 893 (1895), and *Lockette v. State*, 55 S.W. 336 (Tex.Crim.App.1900), which were decided under a forerunner of article 36.02 long before the advent of a pretrial motion to suppress evidence practice in Texas. *See* Tex.Code Crim.Proc.Ann. art. 28.01(1)(6) (West 1989). We find appellant's argument to be without merit. Article 36.02 is closed at one end by its own terms and inferences therefrom. Testimony is not allowed after argument of the cause has been concluded. We interpret article 36.02 to be broad enough to permit the trial court within its discretion to reopen a suppression hearing in a post-indictment retrial situation as presented by the instant case if it appears necessary to the due administration of justice.

■ A motion to suppress is nothing more than a specialized objection. *Galitz v. State*, 617 S.W.2d 949, 952, n. 10 (Tex. Crim.App.1981); *Mayfield v. State*, 800 S.W.2d 932, 935 (Tex.App.—San Antonio 1990, no pet.). Article 28.01, which allows the trial court to set any criminal cause for a pretrial hearing, is not a mandatory statute, but one directed to the trial court's discretion. *Calloway v. State*, 743 S.W.2d 645, 649 (Tex.Crim.App.1988). The question of whether to hold a hearing on a pretrial motion to suppress evidence rests within the discretion of the trial court. It

---

**2.** In *Rogers*, the trial court permitted the State to reopen the evidence after both sides had closed at the "punishment phase" of the trial. After quoting article 36.02, the court stated:

This statute has been construed to mean that a trial judge commits reversible error when he refuses a request to reopen for the purpose of producing relevant and admissible evidence, regardless of its weight or the issue upon which it is offered, so long as the request is timely under the statute and does not threaten to unduly impede the trial. *Vital v. State*, 523 S.W.2d 662, 664–665 (Tex.Cr.App. 1975). By this reckoning, had appellant requested an opportunity to reopen under the circumstances presented here, he would have been entitled to do so. *See, e.g., Cain v. State*, 666 S.W.2d 109 (Tex.Cr.App.1984); *Holifield v. State*, 599 S.W.2d 836 (Tex.Cr.App.1980). We perceive no meaningful difference in application of the statute to evidence offered by the prosecution. *See, e.g., Holcomb v. State*, 523 S.W.2d 661 (Tex.Cr.App.1975); *Boatright v. State*, 472 S.W.2d 765, 770 (1971); *Rodriguez v. State*, 171 Tex.Crim. 476, 350 S.W.2d 854 (1961).

*Rogers*, 774 S.W.2d at 263; *see also* 23 Tex. Jur.3d *Criminal Law* § 2560 (1982).

may elect to determine the merits of a suppression motion only during the trial on its merits when the defendant has lodged a proper objection. *Id.* Some trial courts, after pretrial evidentiary hearing on a motion to suppress, will "carry" the motion along with the trial on the merits before ruling. The applicability of article 36.02 should not rest upon the method utilized.

Other jurisdictions have held that the trial court has the discretionary power to reconsider rulings on suppression hearings, even in the absence of a statute such as article 36.02. *Scott,* 524 F.2d at 467 (trial court is free to reconsider suppression order); *State v. Harvey,* 573 So.2d 111, 113 (Fla.App. 2nd Dist.1991) (trial court has inherent power to reconsider ruling made on motion to suppress, upon appropriate motion by either counsel, while that court has jurisdiction of the cause); *State v. Nixon,* 537 So.2d 326, 327 (La.App. 1st Dist. 1988), *writ denied,* 546 So.2d 1210 (La. 1989) (whether to permit second suppression hearing or to reopen suppression hearing is within the discretion of the trial court); *State v. Montague,* 114 Idaho 319, 756 P.2d 1083, 1084 (1988) (trial court did not abuse its discretion in entertaining State's request for reconsideration of suppression ruling); *State v. Pope,* 192 Neb. 755, 224 N.W.2d 521, 526 (1974) (trial court has option, not obligation, to reconsider any prior ruling on the legality of police searches); *State v. Adams,* 521 So.2d 470, 471–72 (La.App. 4th Cir.), *writ denied,* 523 So.2d 231 (La.1988) (trial court could reopen suppression hearing to permit the State to elicit further evidence from a police officer as to circumstances surrounding a warrantless arrest); *People v. Hayes,* 52 Cal.3d 577, 276 Cal.Rptr. 874, 897, 802 P.2d 376, 399 (Cal.1990), *cert. denied,* ——— U.S. ———, 112 S.Ct. 420, 116 L.Ed.2d 440 (1991) (pretrial rulings on admissibility of evidence generally are not binding on the trial court); *People v. Lewis,* 659 P.2d 676, 677 (Colo.1983) (a motion to suppress is interlocutory in character and neither res judicata nor collateral estoppel applies to a ruling which is less than final); *State v. Roccasecca,* 130 N.J.Super. 585, 328 A.2d 35, 38 (1974) (the "law of the case" doctrine

operates only as a discretionary rule of practice, not one of law); *Jackson v. State,* 213 Kan. 219, 515 P.2d 1108, 1114 (1973) (to view pretrial ruling as binding would be to proscribe correction by the trial court of its own error); *State v. Bruno,* 157 Vt. 6, 595 A.2d 272, 273 (1991) (a defendant does not have a vested right in an erroneous pretrial ruling. A ruling on a pretrial motion is tentative only and subject to revision at trial. If the rule was otherwise, a trial court could be tied to obvious errors).

If it can be said that appellant preserved error, he presents neither controlling precedent nor persuasive policy argument to support his position. The trial court had continuing jurisdiction over the case and was free to reconsider its own earlier suppression ruling. The trial court was presented with a State's motion indicating that the evidence had been lawfully obtained, and the decision to reconsider did not result in a purposeful delay. The trial court did not abuse its discretion. Appellant's first and second points of error are overruled.

In his third point of error, appellant contends that the trial court erred when it denied his motion to suppress evidence. Appellant attempts to rely alone on the statement of facts at the first evidentiary suppression hearing when the trial court granted the motion to suppress. As earlier noted, the statement of facts of the hearing on the State's motion to reopen the evidence on the suppression hearing and of the second evidentiary suppression hearing are not in the appellate record. Appellant did not sustain his burden to present a sufficient record showing error requiring reversal. Tex.R.App.P. 50(d). We are unable to appraise appellant's contention with only a partial statement of facts. Nothing is presented for review. *Smith,* 789 S.W.2d at 357. Appellant's third point of error is overruled.

The judgment of conviction is affirmed.