

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00318-CR

Dale Allen **MINCE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 358487
The Honorable Liza Rodriguez, Judge Presiding

Opinion by:　Rebeca C. Martinez, Justice

Sitting:　　Catherine Stone, Chief Justice
　　　　　Marialyn Barnard, Justice
　　　　　Rebeca C. Martinez, Justice

Delivered and Filed:　July 17, 2013

AFFIRMED

Appellant Dale Allen Mince challenges his conviction for driving while intoxicated. We affirm the judgment of the trial court.

### BACKGROUND

Mince was charged with driving while intoxicated with an open container. *See* TEX. PENAL CODE ANN. § 49.04(c) (West Supp. 2012). Mince's trial counsel filed a pretrial motion to suppress evidence based on a faulty affidavit. On September 30, 2011, the trial court held a hearing and granted the motion to suppress in a general order. On April 30, 2012, the trial court called the case

for trial, revisited its previous ruling on the motion to suppress, and orally clarified that the only evidence suppressed was the blood evidence. Mince subsequently entered into a plea agreement with the State, pled no contest, and was sentenced to three days' confinement in the Bexar County Jail and a fine in the amount of $150.00, plus court costs. This appeal ensued.

## SUPPRESSION ORDER

Mince first argues that the trial court abused its discretion in amending its September 30, 2011 pretrial order suppressing "all evidence." Specifically, Mince alleges the written order was final and appealable and, thus, it controls over the court's oral pronouncement made seven months later at the beginning of trial. When reviewing a trial court's ruling on a motion to suppress, we apply an abuse of discretion standard and will overturn the trial court's ruling only if it was so arbitrary as to be outside the zone of reasonable disagreement. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011).

When Mince's case was initially called for trial on January 24, 2012, the trial court reset the matter and indicated it wanted an opportunity to review the transcript of the suppression hearing. On April 30, 2012, the case was again called for trial. The trial court explained on the record that after reviewing the hearing transcript, the written suppression order was not a clear representation of its intent to exclude only the blood evidence. The court further explained that the context of the motion to suppress was "whether or not the search warrant was valid for the blood evidence" and that "[t]he Court's intent and the Court's ruling was with respect to the blood evidence." The court continued, "I was under the impression the entire time that the—that the issue at hand was whether or not the blood evidence was admissible, and so my ruling was with reference to the blood evidence and nothing else." The trial court then suppressed the blood evidence obtained pursuant to the warrant, but allowed the State to proceed with the case based on the other evidence.

A pretrial motion to suppress is a specialized objection to the admissibility of the designated evidence which may be, but is not required to be, resolved prior to trial. TEX. CODE CRIM. PROC. ANN. art. 28.01 (West 2006); *Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012); *Gutierrez v. State*, 327 S.W.3d 257, 261 (Tex. App.—San Antonio 2010, no pet.). The trial court's pretrial ruling on such a motion to suppress is interlocutory and equally subject to reconsideration and revision during trial as any other ruling on the admissibility of evidence under Rule 104 of the Texas Rules of Evidence. TEX. R. EVID. 104; *Black*, 362 S.W.3d at 633 (noting court may revisit a ruling under Rule 104 at its discretion, at any time, during the course of trial); *Gutierrez*, 327 S.W.3d at 261. Here, the trial court stated the written pretrial order did not reflect its intended ruling on the motion to suppress and made the change necessary to reflect its intended ruling at the beginning of trial. Thus, it was the court's trial ruling, not the previous pretrial ruling, on the motion to suppress that controlled the admissibility of the contested blood evidence. *See Gutierrez*, 327 S.W.3d at 262.

Mince argues the trial court erroneously modified the suppression order outside of the appellate timelines. However, because the trial court had continuing jurisdiction over the case, it could properly reconsider, and change, its pretrial suppression order at any time during the course of trial. *Black*, 362 S.W.3d at 633; *see also Montalvo v. State*, 846 S.W.2d 133, 137-38 (Tex. App.—Austin 1993, no pet.) (decision to reconsider previous ruling is matter of trial court's discretion). We, therefore, overrule Mince's first issue.

### SUFFICIENCY OF THE EVIDENCE

In Mince's second issue, he argues the evidence is insufficient to support his conviction because all of the evidence was suppressed pursuant to the written pretrial order, and thus there is no evidence that can be relied upon to support the judgment. We disagree. First, under Mince's

first issue, we determined that the trial court had discretion and authority to reconsider and clarify its pretrial order at trial. Second, by entering a plea of no contest to driving while intoxicated pursuant to a plea bargain that was followed by the trial court, Mince waived his right to appeal any matter other than the court's ruling on his pretrial motion to suppress. TEX. R. APP. P. 25.2(a)(2)(A). The trial court's certification of Mince's right to appeal provides that the matter "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal." *Id.* Thus, the certification, signed by Mince, his trial counsel, and the trial court, notified Mince that his right to appeal was limited to the court's ruling on his motion to suppress. *Id.* The record does not show that Mince obtained the trial court's permission to appeal any other matter. *See* TEX. R. APP. P. 25.2(a)(2)(B). Therefore, he waived the right to appeal the sufficiency of the evidence to support his conviction. Accordingly, we overrule Mince's second issue.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In Mince's final issue, he contends his trial counsel rendered ineffective assistance by failing to understand the law regarding written pretrial orders and the court's ability to make oral pronouncements amending those orders, and by failing to properly advise him of such law prior to his acceptance of the plea bargain. Mince argues that had he known the trial court erroneously changed its pretrial suppression order, and erroneously admitted previously excluded evidence, it is "highly unlikely" that he would have accepted the plea bargain. To establish ineffective assistance of counsel, an appellant must show his counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The failure to establish either prong of the *Strickland* standard defeats a claim of ineffective assistance. *Thompson*, 9 S.W.3d at 813. Here, Mince argues that his trial counsel was deficient for failing to advise him

that the trial court's written suppression order controlled over its later oral alteration at trial. As we held above, the trial court retained the discretionary power to revisit its ruling on the motion to suppress at any time prior to or during trial. *Black*, 362 S.W.3d at 634-35. Therefore, defense counsel was not deficient for failing to advise Mince of legal principles that are not correct. Having failed to prove his counsel's performance was deficient, Mince has failed to establish ineffective assistance of counsel. Accordingly, we overrule Mince's third issue.

Based on the foregoing reasons, we affirm the judgment of the trial court.

Rebeca C. Martinez, Justice

Do not publish