PD-0280-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/19/2015 2:15:45 PM
Accepted 6/19/2015 2:45:15 PM
ABEL ACOSTA
CLERK

**No. PD-0280-15**

In the

## COURT OF CRIMINAL APPEALS

of the

## STATE OF TEXAS

_____

**THE STATE OF TEXAS, Petitioner**

*v.*

**JOHN ALLEN WACHTENDORF, JR., Respondent**

_____

**RESPONDENT'S BRIEF**

_____

FROM THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF TEXAS AT AUSTIN
IN CAUSE NUMBER 03-14-00633-CR

APPEAL FROM THE 368TH DISTRICT COURT
OF WILLIAMSON COUNTY IN CAUSE NUMBER 13-0197-K277

**KRISTEN JERNIGAN**
Attorney for Respondent
State Bar Number 90001898
207 S. Austin Ave.
Georgetown, Texas 78626
(512) 904-0123
(512) 931-3650 (fax)

kristen@txcrimapp.com

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . .iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

REPLY TO STATE'S ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     I.      The State simply re-states current binding precedent and does not advance any legal argument as to why it is entitled to ignore the statutory requirements of Texas Code of Criminal Procedure Article 44.01.

     II.    The Third Court of Appeals loyally adhered to this Court's existing, binding precedent.

     III.   There is no reason to revisit existing, binding precedent.

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

CERTIFICATE OF WORD COUNT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

# INDEX OF AUTHORITIES

## CASES

*Missouri v. McNeely*, 133 S.Ct. 1522 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 2

*Montalvo v. State*, 846 S.W.2d 133 (Tex. App.—Austin 1993) . . . . . . . . . . . . . . 4

*State v. Cowsert*, 207 S.W.3d 347 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . .4

*State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . .6

*State v. Muller*, 829 S.W.2d 805 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . . . . . 5

*State v. Rosenbaum*, 818 S.W.2d 398 (Tex. Crim. App. 1991) . . . . . . . . . . . 3, 5, 7

*Sutton v. Bage*, 822 S.W.2d 55 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . . . . .7, 8

*State v. Wachtendorf*, No. 03-14-00633-CR
(Tex. App.—Austin, delivered February 26, 2015) . . . . . . . . . 2

## STATUTES & RULES

TEX. CODE CRIM. PRO. Art. 44.01(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 7

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39.1, Petitioner requests oral argument only in the event the State is granted oral argument.

No. PD-0280-15

In the

COURT OF CRIMINAL APPEALS

of the

STATE OF TEXAS

_____

THE STATE OF TEXAS, Petitioner

*v.*

JOHN ALLEN WACHTENDORF, JR., Respondent

_____

RESPONDENT'S BRIEF

_____

STATEMENT OF THE CASE

On January 16, 2014, Appellee filed a Motion to Suppress based on the United States Supreme Court's holding in *Missouri v. McNeely*, 133 S.Ct. 1522 (2013). On July 7, 2014, the Court granted Appellant's Motion to Suppress on the record in open Court and in writing.[1] The State filed Notice of Appeal of the Court's order eighty-five days later on September 30, 2014.

---

[1] The State contends in its Statement of the Case that the trial court granted Respondent's Motion to Suppress outside the State's presence and without the State's knowledge. See State's Brief at 5. This statement is untrue as the Court issued its ruling in open Court on the record with both parties present. (RR3: 5).

On October 20, 2014, Respondent filed a Motion to Dismiss for Lack of Jurisdiction based on the State's untimely-filed Notice of Appeal. On February 26, 2015, the Third Court of Appeals granted Respondent's Motion to Dismiss for Lack of Jurisdiction and dismissed the State's appeal. *The State of Texas v. John Allen Wachtendorf, Jr.*, No. 03-14-00633-CR (Tex. App.—Austin, delivered February 26, 2015). The State did not file a Motion for Rehearing or Motion for Reconsideration En Banc.

## STATEMENT OF FACTS

On January 16, 2014, Appellee filed a Motion to Suppress based on the United States Supreme Court's holding in *Missouri v. McNeely*, 133 S.Ct. 1522 (2013). (CR: 27-29). Appellee argued that the blood test results in this case should be suppressed because Appellee's blood was seized without a warrant or consent where no exigent circumstances existed. (CR: 27-29). On February 14, 2014, the trial court held a hearing on Appellee's Motion to Suppress and at the close of the evidence, the Court indicated it would announce its ruling at a later date. (RR2: 67). On July 7, 2014, the parties reconvened and the trial judge, in open court, entered his ruling on the record.[2] (RR3: 1-2). Specifically, the trial court stated, "And so based on the evidence, I do not find that there are exigent circumstances, and I am going to grant the motion to suppress the blood draw."

---

[2] In fact, the volume of the Reporter's Record containing the Court's ruling is entitled "Ruling on Motion to Suppress." (RR3: 1).

(RR3: 5). To which the State replied, "Judge, we'll prepare a notice of appeal signed by Ms. Duty, the elected DA, to appeal the Court's ruling." (RR3: 5). The same date, the trial court signed a written order reflecting its ruling. (CR: 43). On August 19, 2014, the State filed a Motion for Reconsideration of the Court's prior ruling on Appellee's Motion to Suppress. (CR: 41-42). On September 25, 2014, a hearing was held on the State's motion and the Court declined to reconsider its ruling. (RR4: 1). The State filed its notice of appeal on September 30, 2014, eighty-five days after the Court entered its ruling. (CR: 48).

## REPLY TO STATE'S ARGUMENTS

**IV.    The State simply re-states current binding precedent and does not advance any legal argument as to why it is entitled to ignore the statutory requirements of Texas Code of Criminal Procedure Article 44.01.**

In its first point, the State asserts that "the timeframe for filing a State's notice of appeal begins on the day the trial court signs the appealable order" and cites *State v. Rosenbaum*, 818 S.W.2d 398 (Tex. Crim. App. 1991). As this Court is aware, Texas Code of Criminal Procedure Article 44.01(d) grants the State the right to appeal the granting of a motion to suppress and requires, in part: "The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 20th day after the day on which the order, ruling, or sentence to be appealed is entered by the Court." TEX. CODE CRIM. PRO. Art. 44.01(d).

3

The State argues that because it was not aware that the Court had signed the order granting Appellant's Motion to Suppress, it should be excused from complying with the requirements of Article 44.01. The State's argument is disingenuous for three reasons.

First, it is quite clear from the record that the State had notice of the trial court's ruling. (RR3: 5). When the trial court announced its ruling on July 7, 2014, the prosecutor stated, "Judge, we'll prepare a notice of appeal signed by Ms. Duty, the elected DA, to appeal the Court's ruling." (RR3: 5). The prosecutor continued, "So we'll probably need two years before this case will be set again by the time it goes up to the Court of Appeals." (RR3: 5). On August 19, 2014, the State filed a Motion for Reconsideration of its prior ruling on Appellee's Motion to Suppress. (CR: 41-42). Presumably, the State realized it had missed its filing deadline for its Notice of Appeal and sought to reset the clock by prompting the Court to issue a new ruling. On September 25, 2014, a hearing was held on the State's motion. (RR4: 1). At the commencement of the hearing, the trial court inquired as to why the State should be allowed to appeal in light of its untimely-filed notice of appeal. (RR4: 1). The State responded that the trial court has the discretion to hear evidence until the close of the case and cited *Montalvo v. State*,

4

846 S.W.2d 133 (Tex. App.—Austin 1993) in support of its argument.[3]    Why would the State ask the Court to re-open the evidence and reconsider its ruling if it was unaware of that ruling?  The answer is simple:  it would not.

Second, the State fails to show any attempt on its part to inquire as to whether an order had been signed.  A simple call to the court coordinator would have answered that question had the State been unsure as to whether an order had actually been signed.

Third, the State's argument is essentially that the date the order was signed, July 7, 2014, is irrelevant and rather, the date the District Clerk file-stamped the order, September 25, 2014, should control.  This is contrary to not only existing precedent, but also the plain language of Article 44.01.  *State v. Rosenbaum*, 818 S.W.2d 398, 402-03 (Tex. Crim. App. 1991) (holding that "the appellate timetable for the State under 44.01(d) begins running from the date the trial judge signs his or her order").

---

[3]  In *Montalvo*, the court addressed the trial court's authority to reopen evidence on a motion to suppress, not whether reconsideration of a prior ruling resets the State's deadline for filing notice of appeal.  *Id.*  In fact, this Court has held that  "[t]he right of the State to request, and the right of the trial court to reconsider, pretrial rulings are distinct from the State's limited right to appeal court orders granted by Article 44.01."  *State v. Cowsert*, 207 S.W.3d 347, 351 (Tex. Crim. App. 2006).  This Court explained further that "Article 44.01(d) is more than a mere procedural filing deadline; it is a substantive limit on the State's authority to appeal."  *Id.*   Once the deadline for filing Notice of Appeal has passed, "the State's authority to appeal under the statute ceases to exist, and [the trial court] may not revive that right."  *Id.* at 351-352, *citing State v. Muller*, 829 S.W.2d 805, 812 (Tex. Crim. App. 1992).

The State also seems to argue that it should be excused from complying with the requirements of 44.01(d) because findings of fact and conclusions of law were not entered on the day the trial court granted Appellant's Motion to Suppress. Specifically, in its recitation of the Statement of Facts, the State asserts "At the September 25, 2014, hearing, the State argued to the trial court that not only did they lack notice of the signed order but they had no reason to expect such an order. The State pointed out that at the conclusion of the previous hearing on July 7, 2014, the Court had ordered findings of fact and conclusions of law, which lead the State to believe that a written order granting the motion to suppress would be issued and entered contemporaneously with the signed findings of fact. R.R. vol. 4 p. 67, 70-72." *See* State's Brief at 8. This statement is incorrect. After the trial court issued its ruling, and the State announced its intention to have the elected District Attorney sign a Notice of Appeal, the State requested findings of fact and conclusions of law. (RR3: 5). The prosecutor did not, as the State now argues, anticipate a ruling that he already unequivocally stated he would appeal. However, even if the State's premise were true, as this Court is aware, *State v. Cullen,* requires the trial court to issue findings of fact and conclusions of law at the request of the losing party on a motion to suppress. *State v. Cullen*, 195 S.W.3d 696, 698-99 (Tex. Crim. App. 2006). However, if the trial court does not timely enter those findings of fact and conclusions of law, the remedy is for the Court of

Appeals to abate the case to the trial court to enter those findings and conclusions, not extend the State's deadline for filing notice of appeal. *Id.*

To complain, as the State does, that this Court's precedent, which has stood for almost twenty-five years, is too onerous on the State to be fair, is nothing more than a desperate attempt at explaining away its lack of diligence in insuring its compliance with the well-established statutory requirements of Texas Code of Criminal Procedure Article 44.01(d).

**II.     The Third Court of Appeals loyally adhered to this Court's prior holdings and therefore, its decision should not be reversed.**

In its second point, the State's contention seems to be that the Third Court of Appeals has misconstrued existing precedent in holding that, in order for its Notice of Appeal to be timely, the State must file that notice on or before the twentieth day after the trial court has signed the appealable order. However, as discussed below, the Third Court followed existing precedent to the tee.

In its decision, the Third Court correctly reasoned that when deciding the State's appellate timetable and what the phrase "entered by the court" means under article 44.01(d), it is bound by this Court's holding that the appellate timetable for the State pursuant to Code of Criminal Procedure Article 44.01(d) begins running when the trial court signs the order to be appealed. *See* Opinion at 3, *citing State v. Rosenbaum*, 818 S.W.2d 398, 403 (Tex. Crim. App. 1991). The Third Court

7

explained further that, according to existing Court of Criminal Appeals' precedent, the signing of the order serves as the entry date for the order. Opinion at 3, *Id*. at 402. The Third Court recognized this Court's affirmation of this precedent by *citing Sutton v. Bage*, a case in which, as is the case here, the State argued it did not have notice of the order to be appealed. *Sutton v. Bage*, 822 S.W.2d 55, 56-57 (Tex. Crim. App. 1992). This Court interpreted the phrase "entered by the Court" as meaning the signing of the order by the trial judge. *Id*.

Next, the State argues that because the cases cited by the Third Court of Appeals do not "directly address" the issue of notice of a written order, they are distinguishable from the present case. However, the State then acknowledges that in *Sutton*, the State filed its notice of appeal based on the date an order was filed by the District Clerk, rather than the date the order was signed by the Court, and that despite the State's belief that the order was signed the date it was filed, its notice of appeal was untimely. *See* State's Brief at 10. The holding in *Sutton* is precisely the same as the facts of the present case. *Id*. at 56-57. Quite simply, the Third Court of Appeals misconstrued nothing, but rather, followed existing Court of Criminal Appeals' precedent explicitly.

**III.    There is no need to clarify or revisit existing, binding precedent.**

After arguing in its second issue that this Court has never directly addressed the notice issue raised here, the State then relies upon a dissent from Judge

McCormick in *Sutton*, in which the notice issue is squarely addressed. What the State is really asking this Court to do is reverse its existing, binding precedent and adopt Judge McCormick's dissent in *Sutton*. There is no need to take this drastic action to correct a single District Attorney's Office's lack of diligence in perfecting its appeal.

The State then argues, as Judge McCormick argued in his dissent in *Sutton*, that if its position is not adopted by this Court, contrary to existing precedent, the result will be that Courts all over the State will "deny the State its opportunity to appeal whenever they so choose." *See* State's Brief at 13. The flaw in the State's argument is that this is not, in fact, happening. There is no deluge of District Attorney's Offices complaining that Courts are denying them their right to appeal. This is so because the vast majority of the District Attorney's Offices in this State are aware of the requirements of Article 44.01(d) and are diligent in complying with those requirements. In fact, there is no evidence in the record in the present case that the trial court in this case had any intention whatsoever of denying the State its right to appeal.

The State also argues that "[w]hile it is reasonable to assume that this Court did not mean by its decision in *Rosenbaum* to require the State file its notice of appeal within twenty days of an event it is not aware has occurred," Courts of Appeals feel bound by that decision. The State's reasoning would apply only if its

9

premise had actually occurred. As discussed at length above, the State had notice of the "event," namely: that the trial court granted Appellant's Motion to Suppress. Therefore, the Court of Appeals did not wrongly interpret *Rosenbaum*, but loyally and properly adhered to it.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Petitioner prays that the Court of Criminal Appeals reconsider its granting of the State's Petition for Discretionary Review, deny the State's requested relief, and allow the Opinion of the Court of Appeals to stand.

Respectfully submitted,

/s/ Kristen Jernigan

Kristen Jernigan
Attorney for Respondent
State Bar Number 90001898
207 S. Austin Ave.
Georgetown, Texas 78626
(512) 904-0123
(512) 931-3650 (fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 19th day of June 2015, a copy of the foregoing Response to Petition for Discretionary Review was e-mailed to John C. Prezas, Appellate Attorney for the Williamson County District Attorney's Office at jprezas@wilco.org and mailed to Lisa McMinn, State Prosecuting Attorney's Office, P.O. Box 13406, Austin, Texas 78711-3406.

/s/ Kristen Jernigan
Kristen Jernigan

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document consists of 3,238 words in compliance with Texas Rule of Appellate Procedure 9.4.

/s/ Kristen Jernigan
Kristen Jernigan