COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ANTONIO MARTINEZ, JR., | § | |
| | | No. 08-09-00065-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 205th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20080D05484) |
| | § | |

## **O P I N I O N**

Appellant, Antonio Martinez, Jr., was convicted of aggravated assault and sentenced to seven years' imprisonment. On appeal, he contends that the trial court violated his confrontation rights and failed to instruct the jury on self-defense. We affirm.

## **BACKGROUND**

On September 5, 2008, Appellant and his wife, Maribel Villan, consumed several beers outside their apartment. Appellant later went inside to their bedroom and began inhaling paint fumes from a spray can through a t-shirt. When Villan saw this, she got angry and tried to take the t-shirt away. Appellant got angry, went to the hall closet, removed a tire iron, and struck Villan with it.[1] Villan banged on the apartment wall for help before running to the kitchen to get a knife. Appellant disarmed Villan and broke the knife as the police arrived at the apartment. After a struggle with Appellant, Villan opened the door. Officer VanValen instructed Villan and her children to go wait with the other officers outside as he located Appellant. Appellant was found on the toilet in the

---

[1] At trial, Villan testified for the defense that she, not Appellant, grabbed the tire iron and tried to hit him with it. She expressly denied that Appellant ever struck her with the tire iron.

bathroom.

Crying, holding her abdomen, and complaining of pain, Villan was treated by emergency medical technicians (EMTs) on the scene. One of those EMTs, Jose Perez, who assessed Villan for injuries, learned from Villan that Appellant struck her abdomen and wrist with a tire iron. Perez found abrasions on her abdomen. After completing his assessment, Villan declined further treatment.

## CONFRONTATION RIGHTS

Appellant's first issue contends that the trial court erred by overruling his *Crawford*[2] objection when Perez testified to a statement uttered by Villan that Appellant struck her with a tire iron on her abdomen. The State responds that any error is not preserved for our review as Appellant failed to object when the same evidence was offered through VanValen's rebuttal testimony.

### *Preservation of Error*

The record reflects that prior to VanValen's testimony during the State's case-in-chief, a "*Crawford* hearing" was held outside the presence of the jury to determine the admissibility of Villan's statements to VanValen that Appellant struck her with a tire iron on her belly.[3] The trial court ruled those statements testimonial and inadmissible. VanValen then testified before the jury without referencing the statements.

---

[2] *Crawford v. Washington*, 541 U.S. 36, 42, 124 S.Ct. 1354, 1359, 158 L.Ed.2d 177 (2004).

[3] The hearing occurred prior to the announcements by counsel, the defendant's plea to the indictment, and the parties' opening statements. Although a hearing at this stage of the proceedings seems to resemble more of a pretrial hearing on a motion in limine, which was filed by Appellant, the parties, on appeal and at trial below, refer to the hearing as a *Crawford* hearing. Thus, we will assume that the hearing was not one on Appellant's motion in limine, but rather an objection to VanValen's proposed statements uttered by Villan that the State wished to elicit in his upcoming testimony. Certainly, had the hearing been on Appellant's motion in limine, any ruling by the trial court would not preserve error if the complained-of statements were later uttered at trial without a contemporaneous objection. *See Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App.) (a motion in limine, coupled with a ruling thereon, does not preserve error; rather, a litigant must still object when the evidence is offered at trial), *cert. denied*, 552 U.S. 920, 128 S.Ct. 282, 169 L.Ed.2d 206 (2007).

Similarly, prior to Perez's testimony, another *Crawford* hearing was had outside the presence of the jury to determine the admissibility of Villan's statement to Perez, the one at issue now on appeal. During that hearing, Perez testified that while he was treating Villan, she told him that Appellant struck her with a tire iron on her abdomen and wrist. The trial court ruled that Villan's statement to Perez was admissible, and he testified to the same before the jury.

Later, when Appellant rested his case, the State recalled VanValen as a rebuttal witness. Remembering the trial court's prior ruling concerning VanValen's testimony, the State approached the bench noting the *Crawford* issue, and Appellant requested a hearing outside the presence of the jury. The trial court declined to hold a hearing and instructed Appellant to make his objections in open court as VanValen testified. During the rebuttal testimony, the State asked what Villan told VanValen, and Appellant raised a hearsay objection. The trial court overruled the objection. VanValen then testified, without any further objections, to everything Villan recounted that happened before, during, and after the assault that night, including that when she tried to take the t-shirt Appellant was using to inhale the paint fumes, he grabbed her, took a tire iron from the hallway closet, and struck her on the abdomen causing injuries to her belly.

Generally, to preserve error for appellate review, the complaining party must make a timely objection and obtain an adverse ruling by the trial court. *See* TEX. R. APP. P. 33.1. And unless the party preserved his complaint in a hearing outside the presence of the jury or requested a running objection, he must object each time the inadmissible evidence is offered. *See Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984). Here, Appellant was initially granted a ruling in his favor on VanValen's testimony outside the presence of the jury. However, when an objection is granted, it is not an adverse ruling from which to base an appeal. *See Roberts*,

220 S.W.3d at 533 (error not preserved when objection granted), *citing Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *cf.* TEX. R. EVID. 103(a)(1) ("When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence *be admitted*, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections.") (emphasis added); *Ethington*, 819 S.W.2d at 858 ("When the court, out of the jury's presence, hears *and overrules objections* to evidence, those objections need not again be made before the jury when the evidence actually is presented to the jury.") (emphasis added). Therefore, any nonadverse ruling excluding evidence at the beginning of a trial does not preserve error in its later admission during rebuttal. Rather, the defendant is required to raise another objection and obtain an adverse ruling.

Moreover, a trial court may reconsider its rulings in a case so long as the action occurs within the trial court's plenary jurisdiction over the case. *See generally Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998) (trial court may reconsider grant or denial of a motion for new trial within 75 days after the judgment is imposed); *Wilkerson v. State*, 881 S.W.2d 321, 326 (Tex. Crim. App.) (although a trial court may grant a pretrial motion in limine, another objection must be made at trial when the subject matter is raised), *cert. denied*, 513 U.S. 1060, 115 S.Ct. 671, 130 L.Ed.2d 604 (1994); *Montalvo v. State*, 846 S.W.2d 133, 138 (Tex. App. – Austin 1993, no pet.) (trial court may reconsider initial ruling on motion to suppress). We believe that occurred in this case.

Here, it is clear that the State was calling VanValen back to the stand in rebuttal to Villan's defensive testimony that she, not Appellant, grabbed the tire iron and that Appellant never struck her with it. The State, by reminding the court of its previous ruling, was, in essence, asking the court to reconsider what she previously excluded. The trial court, over Appellant's request to have a hearing outside the presence of the jury, seemingly recognized the issue as she instructed Appellant

to make any objections as VanValen testified. By acquiescing to the trial court's instruction, Appellant was on notice that he needed to object when the inadmissible statement was proffered during rebuttal. Thus, at the very least, it was incumbent on Appellant to object, request a hearing outside the presence of the jury, or obtain a running objection when the challenged statement was proffered during the rebuttal testimony. *See* TEX. R. APP. P. 33.1; *Ethington*, 819 S.W.2d 858. His failure to do so renders error, if any, in the previous admission of Perez's testimony cured. *See Ethington*, 819 S.W.2d at 858 ("[I]t is well settled that an error in admission of evidence is cured where the same evidence comes in elsewhere without objection; defense counsel must object every time allegedly inadmissible evidence is offered."); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (providing that overruling an objection to evidence will generally not result in reversal when evidence of the same fact was received, either before or after the complained-of ruling).

Here, Appellant did object, stating "hearsay," when the State asked VanValen "in this excited state what did [Villan] tell you?" Appellant, however, did not request a running objection. The trial court overruled the objection, stating that she would allow it. VanValen then responded that Villan and Appellant had drank beer on the steps of the apartment until 3 a.m. Thus, Appellant's objection to VanValen's response was sufficient to preserve any error in the admission of that statement only. *See* TEX. R. APP. P. 33.1.

Appellant then raised no further objections to VanValen's testimony. The State's next question asked "[w]hat else did [Villan] tell you," and VanValen proceeded to explain over the next several pages in the reporter's record everything Villan had said. Several questions later, following VanValen's testimony that Villan took the t-shirt down the hallway and Appellant caught up with her and grabbed her, VanValen testified that Villan "told me that [Appellant] reached into a nearby closet and pulled out a tire iron and that [Appellant] used the tire iron to strike her in the belly . . .

." Appellant did not object immediately before the statement was uttered.

To be timely, a party must object as soon as the objectionable nature of the evidence becomes apparent. *Ethington*, 819 S.W.2d at 858. An objection is untimely if the party fails to object until after an objectionable question has been answered and he can show no legitimate reason to justify the delay. *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). Here, immediately after VanValen testified that "as [Villan] got to the end of the hallway, [Appellant] caught up with her and grabbed her and began to struggle with her," it was apparent that VanValen would next utter that Appellant "reached into a nearby closet and pulled out a tire iron and that [Appellant] used the tire iron to strike her in the belly . . . ." Appellant should have objected at that point, but he did not. Consequently, VanValen's statement was admissible for all purposes. *See Ethington*, 819 S.W.2d at 859 (initial objection insufficient to preserve error for the following "three pages of questions and answers on the subject"); *Temple v. State*, No. 08-03-00111-CR, 2004 WL 1903402, at *3 (Tex. App. – El Paso Aug. 26, 2004, no pet.) (op., not designated for publication) (initial objection insufficient to preserve error to admission of photograph depicting cocaine, marihuana, and plastic baggies found in a dresser drawer when the same subject matter was admitted through another detective's testimony).

Because VanValen's recitation of Villan's statement that Appellant struck her with a tire iron was the same as Perez, we believe Appellant, having failed to obtain a hearing outside the presence of the jury on VanValen's rebuttal testimony or request a running objection thereto, was required to object when that statement was proffered to preserve any error in the admission of Perez's testimony to the same. Appellant's initial hearsay objection during rebuttal was simply too soon and insufficient to preserve any error in the officer's recitation twelve questions later. Having failed to object each time the inadmissible statement was offered, we find any error from Perez's testimony

cured when VanValen later testified to the same statement. *See Ethington*, 819 S.W.2d at 858; *Leday*, 983 S.W.2d at 718.

*Testimonial Statement*

Even assuming Appellant preserved any error in Perez's recitation of Villan's statement for our review, we conclude that the admission of the statement did not violate *Crawford*. Generally, we review a trial court's decision on the admission of evidence under an abuse-of-discretion standard. *Miller v. State*, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). But when deciding whether the admission of certain statements violated a defendant's right to confrontation, we review the trial court's ruling *de novo*. *Wall v. State*, 184 S.W.3d 730, 742-43 (Tex. Crim. App. 2006).

The admission of out-of-court statements violate the Confrontation Clause if they were made by an absent declarant and were testimonial in nature. *Crawford*, 541 U.S. at 68; *King v. State*, 189 S.W.3d 347, 358 (Tex. App. – Fort Worth 2006, no pet.). Generally speaking, statements are testimonial only when "the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). Whether a statement is testimonial is determined on a case-by-case basis, using the perception of an objectively reasonable declarant. *Wall*, 184 S.W.3d at 742-43.

Here, the trial court overruled Appellant's objection to Perez's testimony based on the hearsay exception for statements made for purposes of medical diagnosis and treatment. *See* TEX. R. EVID. 803(4) (providing that statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment are not excluded by the hearsay rule; under this exception, the availability of the

declarant is immaterial). A statement is admissible under this exception when the declarant makes the statement for the purpose of receiving treatment and the content of the statement is reasonably relied on by a health-care professional in treatment or diagnosis. *See Horner v. State*, 129 S.W.3d 210, 217 (Tex. App. – Corpus Christi 2004, pet. ref'd), *cert. denied*, 545 U.S. 1116, 125 S.Ct. 2905, 162 L.Ed.2d 298 (2005). When such a statement is made, it is not testimonial. *See Melendez-Diaz v. Massachusetts*, — U.S. —, 129 S.Ct. 2527, 2533 n.2, 174 L.Ed.2d 314 (2009).

Here, we hold that the trial court did not abuse its discretion in concluding that Perez's testimony met the hearsay exception, and that *Crawford* did not apply. Perez was an EMT that was dispatched to the apartment and made immediate contact with Villan, who was emotional and crying. The complained-of statement was uttered as he assessed Villan to determine the extent of her injuries and need for medical treatment.[4] The purpose in asking Villan what happened was pertinent to determining a present course of treatment as different medical treatments are necessary to treat different conditions. It was not to investigate the crime, and there were no formalities typical of a criminal investigatory interview. We cannot conclude that there is any reason to believe that Villan, who was visibly upset, reasonably expected her statements to Perez to be used in a judicial setting, much less that there is any reason to believe that Villan's statements were untrustworthy. *See Beheler v. State*, 3 S.W.3d 182, 188 (Tex. App. – Fort Worth 1999, pet. ref'd) (noting that Rule 803(4) is based on the assumption that the patient understands the importance of being truthful with the medical personnel involved to receive an accurate diagnosis and treatment). Therefore, we conclude Villan's statements to Perez were not made in a testimonial context, but rather for purposes of medical diagnosis. *See Crawford*, 541 U.S. at 68; *see also Russell v. State*, 290 S.W.3d 387, 391

---

[4] Perez did a full body assessment, took her pulse and blood pressure, and asked what happened to provide the appropriate treatment.

(Tex. App. – Beaumont 2009, no pet.); *Hudson v. State*, 179 S.W.3d 731, 737-38 (Tex. App. – Houston [14th Dist.] 2005, no pet.) (cases concluding statement made to responding EMTs were not testimonial); *see also Lane v. State*, 111 S.W.3d 203, 205, 211 (Tex. App. – Eastland 2003) (assault victim's statement to paramedic that her husband hit her was pertinent to her diagnosis and treatment), *aff'd,* 151 S.W.3d 188 (Tex. Crim. App. 2004); *Mendoza v. State*, 69 S.W.3d 628, 631, 634 (Tex. App. – Corpus Christi 2002, pet. ref'd) (assault victim's statement to ER nurse that Appellant beat her with a hammer was relevant to medical diagnosis or treatment).

Because the statements were not testimonial, their admission did not violate Appellant's confrontation rights.[5] *See Russell*, 290 S.W.3d at 391; *Hudson*, 179 S.W.3d 737-38. Moreover, because the statements were made for purposes of medical diagnosis or treatment, the trial court did not abuse its discretion by admitting them under Rule 803(4). *See Lane*, 111 S.W.3d at 211; *Mendoza*, 69 S.W.3d at 634. Accordingly, we overrule Appellant's first issue.

## SELF DEFENSE

Appellant's second issue contends that the trial court erred by failing to include an instruction on self-defense in the jury charge. Specifically, Appellant claims that Villan's testimony that she grabbed a tire iron from the hall closet and tried to hit him with it was sufficient evidence to support the self-defense instruction. The State responds that Appellant was not entitled to the instruction as nothing in the record establishes that he ever admitted to the offense.

A defendant is entitled to an instruction on every defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or uncontradicted, and regardless of what the

---

[5] We note that Villan testified at trial and that *Crawford* is inapplicable in these instances. *See Crawford*, 541 U.S. at 59 n.9; *Tyler v. State*, No. 01-05-01149-CR, 2007 WL 2519907, at *5 (Tex. App. – Houston [1st Dist.] Aug. 31, 2007, no pet.) (op., not designated for publication). However, at the time the trial court made its ruling, Villan's location was unknown and it was not clear whether she would testify.

trial court may think about the credibility of the defense. *Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008). However, a defendant is not entitled to an instruction on self-defense if the evidence of self-defense, viewed in the light most favorable to the defendant, does not establish the defense. *Ex parte Nailor*, 149 S.W.3d 125, 132 (Tex. Crim. App. 2004). Nor is the instruction appropriate when the defendant's defensive evidence fails to essentially admit to "every element" of the offense. *See Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007). Rather, the evidence must show the defendant admitted the relevant conduct but justified or excused his actions so as to absolve himself of criminal responsibility for engaging in conduct that would otherwise constitute a crime. *See Nailor*, 149 S.W.3d at 133 n.33. In short, a defendant is not entitled to an instruction on self-defense if, through the testimony on the matter, he claims that he did not perform the assaultive acts alleged. *See VanBrackle v. State*, 179 S.W.3d 708, 715 (Tex. App. – Austin 2005, no pet.).

Here, Appellant was indicted for assaulting Villan by striking her with a tire iron. At trial, however, Villan testified that she grabbed the tire iron from the hall closet and attempted to hit Appellant with it. Villan relayed that Appellant wrestled her for it and was able to take it from her when she let go. She expressly denied that Appellant ever struck her with the tire iron. As for the marks on her stomach, Villan testified that she caused the marks as she pressed the tire iron against her stomach while Appellant tried to take it away. This testimony does not establish that Appellant essentially admitted to the charged conduct, that is, to striking Villan with a tire iron. *See Nailor*, 149 S.W.3d at 133-34; *VanBrackle*, 179 S.W.3d at 715.

Further, we have reviewed the entire record, including the prosecution's case, to determine whether any evidence of self-defense exists. *See Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); *Smith v. State*, 676 S.W.2d 584, 586-87 (Tex. Crim. App. 1984) (defendant entitled to

a jury instruction on defensive issue raised by the evidence whether that evidence was raised by the prosecution or the defense). We conclude that it does not. At the time Appellant grabbed the tire iron, nothing in the prosecution's case suggested that Villan, while taking away the t-shirt, had struck, hit, or used some type of force, including deadly force, such that Appellant would be justified in seizing a tire iron to strike her.[6] In the absence of evidence of use or attempted use of deadly force by Villan, much less any evidence that Appellant ever perceived such force, self-defense based on deadly force is not available to Appellant. *See Werner v. State*, 711 S.W.2d 639, 644 (Tex. Crim. App. 1986), *modified on other grounds*, *Hamel v. State*, 916 S.W.2d 491 (Tex. Crim. App. 1996); *Welch v. State*, 908 S.W.2d 258, 264 (Tex. App. – El Paso 1995, no pet.) (jury instruction under Section 9.32 of the Texas Penal Code is not available in absence of evidence that deadly force was used or attempted by victim). Accordingly, Appellant was not entitled to a jury instruction on self-defense, nor did the trial court err in declining to give one. Appellant's second issue is overruled.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.

GUADALUPE RIVERA, Justice

June 30, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

---

[6] The indictment alleged that the tire iron was a deadly weapon, and the jury so found.