### The STATE of Texas

v.

### Ben Daly COWSERT, Appellee.

### No. PD–0812–05.

Court of Criminal Appeals of Texas.

Nov. 15, 2006.

Jerry Phillips, Asst. County Atty., Kerrville, for Appellant.

Harold J. Danford, Kerrville, Matthew Paul, State's Atty., Austin, for Appellee.

## OPINION

MEYERS, J., delivered the opinion of the unanimous Court.

## INTRODUCTION

Appellee, Ben Daly Cowsert, was charged with driving while intoxicated. He filed a motion to suppress evidence of his breath test. The trial court granted the motion, relying on caselaw that was pending review by this court and that was later reversed. The State asked the trial court to reconsider the motion based on the new caselaw. The trial court reconsidered the motion but upheld its decision to suppress the evidence. The State appealed. Although the time to perfect an appeal from the trial court's order granting the motion to suppress had passed, the Fourth Court of Appeals held that it had jurisdiction and reversed the decision of the trial court. *State v. Cowsert*, No. 04–04–00547–CR, 2005 WL 1025374, 2005 Tex. App. LEXIS 3339 (Tex.App.-San Antonio, May 4, 2005).

## FACTS

Appellee was charged with driving while intoxicated. On July 15, 2003, Appellee filed a pretrial motion to suppress the breath test results. On October 7, 2003, the trial court granted the motion to suppress, relying on the Fourth Court of Appeals' opinion in *Stewart v. State*, 103 S.W.3d 483 (Tex.App.-San Antonio 2003), *rev'd*, 129 S.W.3d 93 (Tex.Crim.App.2004). The State did not immediately appeal the trial court's order granting the motion to suppress.

Seven months later, on May 3, 2004, the State filed a Motion for Admission of Breath Test Evidence requesting that the court reconsider its suppression ruling in light of this Court's decision to overturn the Fourth Court of Appeals' opinion in *Stewart*.[1] In response, Appellee filed a motion in limine to prevent the State from offering the breath test. After a hearing on both motions, the trial court denied the State's motion, affirming its earlier suppression of the breath test. The trial court stated that it would apply the caselaw that was in effect on the day of Cowsert's arrest, the Fourth Court of Appeals' opinion in *Stewart*, despite our subsequent decision overturning *Stewart*, under which Cowsert's breath test results would be admissible. The State appealed the trial court's order.

## COURT OF APPEALS

The Fourth Court of Appeals rejected the Appellee's contention that the appeal should be dismissed for lack of jurisdiction. Relying on the Third Court of Appeals' decision in *Montalvo v. State*, 846 S.W.2d 133 (Tex.App.-Austin 1993, no pet.), the court of appeals held that, because the trial court is free to reconsider its ruling on a pretrial motion and because the State's right to appeal a pretrial ruling is not its exclusive remedy, it follows that the State is permitted to appeal a trial court's order reconsidering a pretrial motion. The court of appeals then addressed the merits of the case. Holding that the trial judge had abused his discretion by declining to apply the current case law, the court reversed the decision of the trial court. We granted review to determine whether the State had a right to appeal the trial court's order on the motion for reconsideration. We hold it is not an appealable order, and we reverse the decision of the court of appeals.

---

1. Because the State's Motion for Admission of Breath Test Evidence requested reconsideration of the motion to suppress, we will refer to it as a motion for reconsideration throughout this opinion.

## ISSUE GRANTED

We granted Appellee's petition for discretionary review on the following ground:

The Fourth Court of Appeals ignored both a statute and long standing case law in its opinion of reversal and remand. Article 44.01[ (a) ](5) of the Texas Code of Criminal Procedure clearly limits the State's right of appeal only to a granting of a motion to suppress [evidence], a confession or an admission and if jeopardy has not attached. Said notice of appeal given by the State must be filed within 15 days after the trial court enters the order, according to the Texas Rules of Appellate Procedure 26.2.

Appellee argues that the court of appeals erred in hearing the State's appeal because the trial court's order on the State's motion for reconsideration is not an appealable order under Article 44.01 of the Code of Criminal Procedure,[2] and because the State had only 15 days from the time the initial order was entered to appeal. The State asserts that the court of appeals was correct because under Article 44.01 the State is entitled to appeal from all pretrial orders that result in the suppression of evidence.

## ANALYSIS

 The State's authority to appeal in criminal cases is granted by Article 44.01 of the Texas Code of Criminal Procedure. Article 44.01(a)(5) states in pertinent part, "The state is entitled to appeal an order of a court in a criminal case if the order: grants a motion to suppress evidence, a confession or an admission...." TEX.CODE CRIM. PROC. art. 44.01(a)(5). When interpreting a statute, we seek to effectuate the intent of the Legislature. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991). "When attempting to discern this collective legislative intent or purpose, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." *Id.* If the literal text of the statute is clear and unambiguous, we will give effect to that plain meaning, unless the plain language would lead to absurd consequences that the Legislature could not possibly have intended. *Id.* The language of Article 44.01(a)(5) is clear, unambiguous, and does not lead to absurd consequences; thus, under *Boykin,* we must follow the plain meaning of the text.[3] Analysis of the legislative history is neither required nor permitted in this case. The statutory language of Article 44.01(a)(5) clearly and unambiguously limits the State's right to appeal to orders that *grant* motions to suppress evidence.

In *Medrano* we were asked to overrule our opinion in *State v. Roberts,* 940 S.W.2d 655 (Tex.Crim.App.1996), in which we held that the only appealable motions to suppress are those that allege evidence was illegally obtained. After an extensive look at the legislative history of Article 44.01 and the rest of the Code of Criminal Procedure, we overruled *Roberts,* holding that under Article 44.01(a)(5) "the State may appeal an adverse ruling on *any* pretrial motion to suppress evidence as long as the other requirements of the statute are met." *Medrano,* 67 S.W.3d at 903.

---

**2.** In this opinion, all references to "Article" or "Articles" refer to the Texas Code of Criminal Procedure, unless otherwise noted.

**3.** We acknowledge that in *State v. Medrano,* 67 S.W.3d 892 (Tex.Crim.App.2002), we determined that the term "motion to suppress" was ambiguous and looked to the legislative history of 44.01 for clarification of the scope of the term. However, *Medrano* concerned an order granting a motion to suppress and rested on whether all motions to suppress are appealable under Article 44.01(a)(5). The issue in this case is whether other kinds of pretrial motions are also appealable under Article 44.01(a)(5).

The order at issue in this case did not grant a motion to suppress, but rather denied a motion for reconsideration.

The plain language of Article 44.01(a)(5) clearly limits the State's right to appeal to orders granting motions to suppress evidence. However, the court of appeals held, and the State asserts in its brief, that the court's order denying the State's motion for reconsideration falls under Article 44.01(a)(5). The court of appeals relied on language from a Third Court of Appeals case, *Montalvo v. State.* 846 S.W.2d 133 (Tex.App.-Austin 1993), no pet. However, *Montalvo* addressed the authority of the trial court to reopen evidence on a motion to suppress, not the right of the State to appeal an adverse ruling on rehearing. In *Montalvo,* the appellant argued that an Article 44.01 appeal is the State's exclusive recourse from an order granting a motion to suppress. The Third Court of Appeals disagreed, explaining that, under Article 36.02, the trial court has continuing jurisdiction over the case and is free to reconsider its own earlier suppression ruling, as long as the request is timely and will not unduly impede the trial.[4] *Montalvo,* 846 S.W.2d at 137–38. From this language, the court of appeals in the case before us concluded, "Because the trial court has continuing jurisdiction to reconsider its pretrial rulings and because the State's right to interlocutory appeal is not the exclusive remedy, it follows that the State is permitted to appeal a trial court's order reconsidering a pretrial ruling, particularly in this case where the reconsideration is based on a change in the law that occurred after the trial court's initial ruling." *State v. Cowsert,* 2005 WL 1025374, at *1, 2005 Tex.App. LEXIS at *4.

We disagree with this reasoning. The right of the State to request, and the right of the trial court to reconsider, pretrial rulings are distinct from the State's limited right to appeal court orders granted by Article 44.01.

The State asserts that the court of appeals properly granted the appeal. Relying on our opinion in *State v. Medrano,* the State asserts that Article 44.01 applies to all State challenges of "questionable legal rulings excluding what may be legally admissible evidence," regardless of whether they are titled "motion to suppress." *State v. Medrano,* 67 S.W.3d 892, 900 (Tex. Crim.App.2002). However, the State fails to note that the *Medrano* analysis began from the premise that a motion to suppress is the only type of motion that can be appealed. In *Medrano,* we also held that a motion to suppress evidence is one in which the defendant claims that certain evidence should not be admitted at trial for a constitutional, statutory, evidentiary, or procedural reason. The motion for reconsideration is simply not such a motion, and our analysis in *Medrano* does not support the State's argument.

Once the trial court ordered suppression of the breath test results, the State had 15 days to appeal. Article 44.01(a)(5) plainly limits the State's right to appeal to orders that grant motions to suppress evidence. And, under Article 44.01(d) and Rule of Appellate Procedure 26.2,[5] the State may not appeal later than

---

4. Article 36.02 provides that "the court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." TEX.CODE CRIM. PROC. art. 36.02.

5. Article 44.01(d) states, "The prosecuting attorney may not make an appeal under Subsection (a) ... later than the 15th day after the date on which the order ... is entered by the court." TEX.CODE CRIM. PROC. art 44.01(d). Rule of Appellate Procedure 26.2(b) which governs the time to perfect appeals in crimi-

**352**

the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court. As we explained in *State v. Muller,* Article 44.01(d) is more than a mere procedural filing deadline; it is a substantive limit on the State's authority to appeal. "On the sixteenth day [following entry of the court's order], the State's authority to appeal under the statute ceases to exist, and this court may not revive that right." *State v. Muller,* 829 S.W.2d 805, 812 (Tex.Crim.App.1992).

Under the rule of the court of appeals, there is effectively no limit on the State's right to appeal a suppression issue; the State would need only ask the trial court to reconsider its ruling to "reset" the 15-day clock. To allow such a reset would render ineffective the time limit for appeal set out in Article 44.01(d) and Rule 26.2, in violation of the Code Construction Act which states, "it is presumed that . . . the entire statute is intended to be effective." TEX. GOVT.CODE § 311.02. Appellee is correct that the State missed its opportunity to appeal the original motion to suppress when it let 15 days pass without filing notice of appeal.

The fact that the State had no right to appeal does not remove the court of appeals' jurisdiction. While the court of appeals held it had jurisdiction because the order on the motion for reconsideration was an appealable order, we hold that the court had jurisdiction even though it was not an appealable order. A lack of authority for a party to appeal does not equal a lack of jurisdiction for an appellate court.

Our decision does not leave the State without recourse. The State could have appealed, within the 15-day period, the order on the motion to suppress on the basis that *Stewart* was incorrectly decided, and could have requested a continuance of the case until we had published our opinion in *Stewart.* At trial, the State can again request reappraisal of the suppression issue in light of the current case law and this opinion.[6]

## CONCLUSION

Regardless of the merits of the trial court's decision, the State had no right to appeal the trial court's order on the motion for reconsideration. Because the State had no right to appeal, the decision of the court of appeals is reversed. This case is remanded to the trial court for further proceedings not inconsistent with this opinion.

---

nal cases states in pertinent part: "The notice of appeal [by the State] must be filed within 15 days after the day the trial court enters the order, ruling, or sentence to be appealed." TEX.R.APP. P. 26.

**6.** We want to emphasize that our decision in no way addresses the merits of the court of appeals' opinion.