

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-06-00613-CR

**THE STATE OF TEXAS,**                                                    **Appellant,**

**v.**

**FELIX CASTILLO,**                                                          **Appellee.**

**On appeal from the 197th District Court of Willacy County, Texas.**

## NUMBER 13-08-00343-CR

## IN RE: THE STATE OF TEXAS

**On Petition for Mandamus Relief.**

## MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Vela**
**Memorandum Opinion by Justice Rodriguez**

The State indicted appellee, Felix Castillo, for attempted murder and deadly conduct. *See* Tex. Penal Code Ann. §§ 15.01(a), 19.02(1), (2), 22.05(2)(b) (Vernon 2003). By parallel interlocutory appeal and petition for mandamus relief, the State complains of the trial court's denial of its motion for clarification of an order prohibiting the introduction of evidence from a previous trial. We dismiss the State's appeal for want of jurisdiction and deny mandamus relief.

## I. Background

In a previous case, Castillo was tried for attempted murder. In that case, the State alleged that Castillo shot at the alleged victim as the victim was leaving a store. *See State v. Castillo*, No. 4957-C (197th District Ct., Willacy County, Tex. September 30, 2005). Castillo was acquitted. The State then indicted Castillo for attempted murder and deadly conduct, alleging that members of a family were injured when caught in the middle of the shooting of the alleged victim in Castillo's previous trial.

Castillo filed a motion in limine requesting that the trial court "instruct the prosecuting attorney not to mention, refer to or otherwise bring before the jury either directly or indirectly the matters set forth above without first obtaining a specific ruling from the Court outside the presence of the jury that such references and testimony is proper and admissible." The "matters set forth above" included, among other things, the following:

> That [Castillo] may have been previously convicted of any criminal offense or may have been charged or arrested for any criminal offense or may have any criminal case presently pending against him; and

> That [Castillo] has committed other crimes, bad acts or extraneous offenses which are not part of this indictment.

The record does not contain a written order ruling on Castillo's motion in limine.

2

In a proposed "Order Suppressing Evidence," the State requested that the trial court consider "evidence proffered by the State of Texas" and allow or disallow the admission of certain evidence from Castillo's previous trial as listed in the order.[1] The trial court conducted a hearing on the State's requested order, but did not sign it. Instead, the trial court signed an order denying the State's request to offer evidence and ordering the State "not to introduce evidence regarding the [previous] trial."

The State filed a motion for clarification of the order claiming that the trial court "in essence [had] not made any order in that the order signed does not specify what evidence if any is being suppress[ed] from the previous trial (Cause No. 4957-C) and can not be used in the case at bar." The State prayed that the trial court specifically clarify which evidence would be considered res judicata and which evidence would be considered "mere information that is only shared by both case scenarios." The motion for clarification was denied, and the trial court reiterated its instructions that the State was "not to introduce

---

[1] In its proposed "Order Suppressing Evidence," the State specifically asked the trial court to determine whether to allow or not allow the following evidence from the previous trial:

1. That witness Oviedo on March 17, 2004 was employed as a clerk in Raymondville Superette a convenient store[.] Allowed _____Not Allowed_____

2. That witness Oviedo prior to March 17, 2004 knew both Defendant Felix Castillo and the victim Juan Alfaro. Allowed_____Not Allowed_____

3. That witness Oviedo on March 17, 2004 saw both the Defendant's car and the victim's car in the parking lot of the store at the time. Allowed_____Not Allowed_____

4. That witness Oviedo on March 17, 2004 saw the gun fire coming out of Defendant's car. Allowed_____Not Allowed_____

5. Witness Oviedo saw the gun fire coming out of Defendant's car. Allowed_____Not Allowed_____

6. Witness Oviedo on March 17, 2004 saw that Defendant's car went in the same direction as victim's car. Allowed_____Not Allowed_____

(Citations from record of previous trial omitted.)

3

evidence, whether or not said evidence was proffered by the State of Texas in Cause No. 4957-C that was tried on September 12, 2005[,] and whereby the Defendant, Felix Castillo, was acquitted by a jury."

## II.  No Interlocutory Jurisdiction

The State urges this Court to construe Castillo's motion in limine as a motion to suppress evidence, and to construe the trial court's order as an order granting that motion to suppress.   To do so would provide the State with statutory authority to file an interlocutory appeal.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp. 2007) (providing that the State is entitled to appeal an order granting a motion to suppress evidence).  Castillo argues that we do not have jurisdiction.  We agree.

Article 44.01(a)(5) allows the State to appeal from an order granting a motion to suppress evidence.  *See id.*  In *State v. Cowsert*, the court of criminal appeals described a motion to suppress evidence as "one in which the defendant claims that certain evidence should not be admitted at trial for a constitutional, statutory, evidentiary, or procedural reason."  *State v. Cowsert,* 207 S.W.3d 347, 351 (Tex. Crim. App. 2006).  Here, Castillo's motion in limine did not urge that certain evidence should not be admitted at trial.  *See id.*  Instead, Castillo requested that the trial court rule on the admissibility of certain evidence, including evidence of prior criminal charges, arrests and prior bad acts.  We cannot construe the motion in limine as a motion to suppress evidence.  *See id.*

Moreover, even were we to do so, the trial court's order did not *grant* the motion to suppress evidence.  Article 44.01 "limits the State's right to appeal to orders that *grant* motions to suppress evidence."  *Id.* at 350 (emphasis in original).  The order in this case denied the State's motion for clarification—a motion that asked the trial court to clarify

4

which evidence would be considered res judicata and which would be considered information shared by both case scenarios. The order denied relief to the State; it did not *grant relief* requested by a defendant in a motion to suppress evidence.

Accordingly, because the State can only file an interlocutory appeal from the grant of a defendant's motion to suppress, we conclude article 44.01(a)(5) does not provide a basis from which the State can file this appeal. The State provides no other authority for this interlocutory appeal, and we find none.

### III. Mandamus Relief

The State also requests that we issue a writ of mandamus ordering the trial court to "properly rule" on the items listed in its proposed "Order Suppressing Evidence." To establish that it is entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law to redress his alleged harm and (2) what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex. rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). However,

> mandamus may not be used to give the State a right to appeal that was not granted by the Legislature in Article 44.01 of the Texas Code of Criminal Procedure. But the limitations in Article 44.01 on the State's right to appeal are no impediment to the State's use of mandamus to correct judicial action *that is clearly contrary to well-settled law*, whether the law is derived from a statute, rule, or opinion of a court.

*State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (emphasis in original).

The State argues that the trial court in this case is "acting incorrectly" by not informing it as to what evidence can be introduced from the previous trial. However, the

5

State has not provided any statute, rule, or case-law precedent that firmly and unequivocally mandate that the trial court must rule on the items listed in its proposed "Order Suppressing Evidence," and we find none. *See id*. Therefore, the State has not shown that the use of mandamus will correct a judicial action that is clearly contrary to well-settled law. *See id*.

## IV.  Conclusion

We dismiss the State's interlocutory appeal for want of jurisdiction in cause number 13-06-00613-CR, and we deny the State's petition for mandamus relief in cause number 13-08-00343-CR.

<br>

|  | NELDA V. RODRIGUEZ |
| --- | --- |
|  | Justice |

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 5th day of June, 2008.

6