ACCEPTED
03-15-00105-CR
4758239
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/3/2015 11:54:26 AM
JEFFREY D. KYLE
CLERK

# No. 03-15-00105-CR

## In the Third Court of Appeals
### Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/3/2015 11:54:26 AM
JEFFREY D. KYLE
Clerk

## JUSTIN MURPHY,
*Appellant,*

v.

## THE STATE OF TEXAS,
*Appellee.*

Appealed from the County Court-at-Law Number Three
of Travis County, Texas, Trial Cause Number C-1-CR-07-200104

## STATE'S MOTION TO DISMISS
## FOR WANT OF JURISDICTION

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

On behalf of the State of Texas, the Travis County Attorney asks the Court to dismiss this appeal because notice of appeal was untimely.

In 2013, Justin Murphy was charged with DWI, enhanced by a prior (2007) conviction.

After his 2013 DWI arrest, Murphy retained attorney Adam Reposa, who filed a petition for a writ of habeas corpus, seeking to attack the 2007 DWI conviction on ineffectiveness/involuntariness grounds. CR 21–22. The contention was that Murphy had an undiagnosed and untreated sleep disorder at the time of the first DWI arrest, but that previous counsel, Sandra Ritz, failed to investigate the matter even after Murphy informed her of it. CR 22. This is the second appeal that Mr. Reposa has taken from a trial-court conclusion that attorney Sandra Ritz is not ineffective.[1]

After two evidentiary hearings, the court entered an adverse order and findings of fact and conclusions of law on August 28, 2014. CR 46–48. This August order, which is appended to this motion, was filed with the court clerk on August 29, 2014. CR 49.[2] The court found no reason to believe that Murphy had been coerced to plead guilty, and concluded that

---

[1] The first case is styled *State v. Garet Johnson*, No. 03-13-00726-CR. The parties have submitted their briefs, and the case shows as "ready to be set."

[2] Counsel's second petition for writ of habeas corpus states that the findings "were filed on Nov 2014." CR 49. The date stamp on the order and findings is illegible in the State's copy of the clerk's record. But the Clerk confirms that the date stamp shows an August 29, 2014 filing.

the "representation afforded the Defendant by attorney Sandra Ritz falls within the range of competence required of attorneys in criminal cases and thus the Defendant's plea of guilty was not involuntary." CR 48. The trial court further found that the doctrine of laches barred habeas corpus relief because

> there was no impediment that prevented the Defendant from filing this writ considerably sooner than the spring of 2014. The passage of approximately 7 years would make it most difficult for this case to be litigated at this time.

CR 48 (citing *Ex Parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013)).

In late January of 2015, five months after the court entered its August 2014 order and findings, defense counsel filed three more documents:

- A second petition for a writ of habeas corpus, which alleged that counsel was "unable to obtain a copy of the written findings until after the time to file notice of appeal had expired." CR 49. In support of this motion is appended an affidavit from a legal assistant, dated January 22, 2015. The affidavit vaguely asserted that the assistant attempted to locate the trial court's file "on several occasions and was informed by the clerks that the file was not able to be located." CR 50. The clerk's record does not show that this second petition was ever presented to the trial court.

- A motion to reconsider the denial of habeas relief, asserting, among other things, that "numerous factual findings are inconsistent with

3

the evidence in the record and are relied upon to support the conclusions that Sandra Ritz was not ineffective, and that Petitioner's writ claim is barred by laches[.]" CR 52. These assertions essentially attacked the trial court's specific witness-credibility findings.

• A motion for rehearing of the petition for a writ of habeas corpus, which asked for yet another evidentiary hearing so that the motion to reconsider could be "properly address[ed]." CR 54.

On February 9, 2015, the trial court denied the rehearing motion's request for further evidentiary hearing. CR 55. The next day, Murphy gave "notice of appeal of the Order Denying Habeas Relief," referring to the trial court's August 2014 order. CR 80.

This notice of appeal was untimely. In criminal cases, the notice of appeal must be filed within 30 days of the appealable order. TEX. R. APP. P. 26.2. Compliance with Rule 26.2 is essential to vest the Court with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Murphy filed notice of appeal over five months after the trial court entered the order from which he now seeks appellate review. The procedural events of January 2015—such as the second petition, the motion to reconsider, and the court's denial of a further evidentiary hearing—were

not appealable orders that extended the deadline for filing notice of appeal. *See State v. Cowsert*, 207 S.W.3d 347 (Tex. Crim. App. 2006). In *Cowsert*, for instance, the Court held that the prosecution did not have a right to appeal a denied motion to reconsider. The prosecution would need only to ask the trial court to reconsider its ruling to "reset" the deadline, and allowing such a reset would render ineffective the time limit for appeal. *Id.*

Because Murphy failed to timely perfect appeal, the Court has no jurisdiction to address its merits. *Slaton*, 981 S.W.2d at 210; *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). The Travis County Attorney therefore asks the Court to dismiss the appeal.

Respectfully submitted,

DAVID A. ESCAMILLA
Travis County Attorney

_____
GISELLE HORTON
Assistant Travis County Attorney
State Bar No. 10018000
Post Office Box 1748
Austin, Texas  78767
512/854-9415

ATTORNEYS FOR THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

I certify that I have sent a complete and legible copy of this State's Motion to Dismiss via electronic transmission, to Mr. Murphy's attorney of record, Mr. Adam Reposa, at lawofficeofadamreposa@gmail.com on or before April 3, 2015.

_____
Giselle Horton

## CERTIFICATE OF COMPLIANCE

Relying on Corel WordPerfect's word-count function, I certify that this document (counting all of its parts except for the attachment) contains 1015 words.

_____
Giselle Horton
Assistant Travis County Attorney

# Order and Findings of Fact
# and
# Conclusions of Law

# NO. CR-1-CR-07-200104

| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| VS | § | NUMBER THREE |
| | § | |
| JUSTIN LEE MURPHY | § | TRAVIS COUNTY, TEXAS |

## ORDER AND FINDINGS OF FACT, CONCLUSIONS OF LAW

On the 11th and 19th day of May, 2014, came on to be heard the Defendant's Writ of Habeas Corpus in the above cause. The Movant/Defendant Justin Lee Murphy appeared in person and by counsel Adam Reposa and the State was represented by Asst. County Attorney John Lastovica. The Court having heard testimony, accepted evidence and affidavits, and having listened to arguments of counsels, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT:

a) At approximately 2:48 am on January 13, 2007 Deputy T. Roberts of the Travis County Sheriff's Office, while on routine patrol in his sheriff's vehicle, encountered the Defendant when he found the Defendant asleep in his vehicle with the engine running in the westbound outside lane of Southwest Parkway in Travis County, Texas.

b) Upon asking the Defendant to exit the vehicle the deputy made the following observations; the Defendant has a strong odor of an alcoholic beverage, bloodshot and watery eyes, and slurred speech.

c) The Defendant refused the deputies request to perform any field sobriety tests as well as submitting to an intoxilizer or blood test.

d) The Defendant did not state he had suffered any head injuries or had any medical issues and admitted to having consumed "5 vodka and 7up and 3 shots of alcohol."

e) Based on findings a-d the deputy was of the opinion the Defendant was intoxicated and arrested him for driving while intoxicated.

46

1

f) Having obtained his release from jail the Defendant made an appointment with attorney Sandra Ritz based on the recommendations of his friends and co-workers. He visited her office on February 9, 2007 and was initially interviewed by her office manager, Ms. Kobler. Ms. Kobler testified that in her interview the Defendant mentioned having been drinking and getting into a fight in a bar and hitting his head. He did not mention any type of sleep disorder.

g) On February 12, 2007 the Defendant retained attorney Sandra Ritz to represent him in the DWI case. In her testimony in this hearing attorney Ritz had slight recall of the Defendant and his case. She did recall that when she asked him why he was sleeping in his car he told her that, in addition to the drinking, he was in a fight in the bar and hit his head and may have suffered a concussion. She recalled he did not mention any sleep disorder or history of falling asleep.

h) Based on his relating to her he had been in a bar fight she interviewed the witnesses to the fight and got letters from them.

i) Attorney Ritz testified as to fees she charged and the discussion she had with the Defendant on how he wanted her to handle his case. She went over the strengths and weaknesses of the case with the Defendant. She testified she never told him how strong or weak the case was and left it to the Defendant to decide whether he wanted a trial or not. She testified that she never encouraged him to plead "no contest;" that it was his free and voluntary choice.

j) After the initial appearance he case was set for five pre-trial settings. It was then set for a jury trial four different times, twice being continued by the defense counsel and twice not being "reached" for trial. It was then set for the defendant to plead guilty six times with the defendant on July 31, 2008 entering a plea of "no contest"

k) Attorney Ritz testified that the State offered the defendant a term of probation in exchange for his plea. However, she testified that the defendant did not want to be on probation and have to follow all the conditions of probation so she requested an alternative recommendation from the State. The State offered 8 days confinement in the county jail (which in Travis County means a one or two day stay in jail) and the defendant elected to accept this offer and after pleading was given this sentence.

l) The defendant had no further dealings with Ms. Ritz and at no time expressed dissatisfaction with the representation he received.

m) Ms. Ritz testified that she had exclusively practiced criminal law in Travis County for approximately 18 years. That she had handled approximately 2500 cases of which 1200 had been DWI's. Of these cases she had tried approximately a half-dozen to a jury.

n) On September 2, 2011 the defendant was again arrested for DWI when he was found asleep behind the wheel of his vehicle at 4:21 am. There were numerous open beers in his vehicle and he admitted to having been drinking. He was administered field sobriety tests which the officer felt he failed. He refused to

submit to a breath or blood test.

o) The defendant hired attorney Adam Reposa to represent him on his current DWI case. Mr. Reposa requested from the Court and was given funds to hire an expert witness to examine the defendant to determine whether he had a sleep disorder. The defendant was examined by Dr. John Douglas Hudson, MD who conducted tests and diagnosed the defendant with a sleep disorder; namely, narcolepsy. The doctors resume and his responses to written interrogatories were accepted into evidence.

p) The Court finds the testimony of Deputy Sheriff Roberts, Office Manager Kobler and Attorney Ritz and Dr. John Douglas Hudson to be credible. The Court finds the testimony of the Defendant Justin Murphy to be less than credible.

q) The Court finds that based on the totality of the testimony and exhibits that the Defendant Justin Murphy did not reveal to the deputy, the office manager, or the attorney that he had a history of sleep problems. He did reveal his fight and blow to the head which was investigated by his attorney.

r) The Court finds that the attorney did not in any fashion coerce the defendant to plead guilty; it was his free and voluntary decision to do so after being presented with the possible penalties he would face if he elected to try the case.

s) The Court finds that there was no impediment that prevented the Defendant from filing this writ considerably sooner than the spring of 2014. The passage of approximately 7 years would make it most difficult for this case to be litigated at this time.

## CONCLUSIONS OF LAW:

The Court concludes that the relief requested should be barred under the doctrine of laches as set forth in Ex Parte Perez, 398 S.W. 3d 206 (Tex. Crim. App. 2013)

The Court concludes that the representation afforded the Defendant by attorney Sandra Ritz falls within the range of competence required of attorneys in criminal cases and thus the Defendant's plea of guilty was not involuntary.

THEREFORE, On the basis of the above findings and conclusion the Court

DENIES the defense request to set aside the Defendant Justin Murphy's plea in the case

and affirms his conviction.

Signed this the 28th day of August 2014.

JUDGE PRESIDING

48

3      48