# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00498-CR

---

**The State of Texas, Appellant**

**v.**

**Irwin Pentland, Appellee**

---

### FROM THE 427TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-17-904036, THE HONORABLE TAMARA NEEDLES, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Chapter 64 of the Texas Code of Criminal Procedure establishes the procedures for a convicted person to obtain post-conviction DNA testing. Under the statute, an indigent convicted person intending to file a motion for post-conviction DNA testing has a limited right to appointed counsel to pursue DNA testing. *See* Tex. Code Crim. Proc. art. 64.01(c); *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). In this appeal, the State seeks to appeal the trial court's order denying the State's motion to vacate the trial court's order appointing counsel in a Chapter 64 proceeding. We dismiss the appeal for want of jurisdiction.

### PROCEDURAL BACKGROUND

Appellee Irwin Pentland was convicted of capital murder and filed a timely notice of appeal. One year later, while the appeal was pending, Pentland filed a pro se motion requesting the appointment of counsel to pursue DNA testing under Chapter 64. The State filed

a response, opposing the appointment of counsel because, the State contended, Pentland's request for counsel to pursue DNA testing should not be heard while the appeal of his conviction was pending. *See* Tex. R. App. P. 25.2(g) (suspending all further proceedings in trial court once appellate record has been filed until trial court receives appellate-court mandate "except as provided otherwise by law" or by appellate rules). Pentland filed a pro se response, asserting that proceedings under Chapter 64 are an exception to the suspension of trial court proceedings under Rule 25.2, and again requested the appointment of counsel. The trial court signed an order appointing an attorney to assist Pentland in pursuing DNA testing under Chapter 64.

The State filed a motion seeking reconsideration of the trial court's order appointing counsel. The trial court conducted a hearing on the motion and, following the hearing, signed an order indicating that it "[did] not vacate" its prior order appointing an attorney for Pentland, implicitly denying the State's motion to vacate the previously entered order.[1] The State filed a notice of appeal of the trial court's order denying the State's motion to vacate the court's previously entered order appointing counsel under Chapter 64.

## DISCUSSION

The State asserts in its notice of appeal that it appeals the trial court's order denying the State's motion to vacate pursuant to Article 44.01(a)(6) of the Code of Criminal Procedure.

According to the Rules of Appellate Procedure, "The State is entitled to appeal a court's order in a criminal case as provided by Code of Criminal Procedure article 44.01." Tex. R. App. P. 25.2(a)(1). Under Article 44.01(a)(6), "The state is entitled to appeal an order of a

---

[1] The record reflects that prior to the hearing, appointed counsel for Pentland filed a motion for DNA testing on Pentland's behalf.

2

court in a criminal case if the order is issued under Chapter 64." Tex. Code Crim. Proc. art. 44.01(a)(6); *see Kutzner v. State*, 75 S.W.3d 427, 431 (Tex. Crim. App. 2002) (holding that Chapter 64 DNA proceeding is "criminal case" for purposes of appeal); *see also* Tex. Code Crim. Proc. art. 64.05 (providing that in noncapital cases "an appeal under [Chapter 64] is to a court of appeals in the same manner as an appeal of any other criminal matter").

The entitlement to appointed counsel in a Chapter 64 proceeding is not absolute; it is conditioned on three statutory criteria. *Gutierrez*, 307 S.W.3d at 321. If the statutory criteria are met, the convicting court "shall appoint counsel for the convicted person." Tex. Code Crim. Proc. art. 44.01(c). Thus, a trial court's order appointing counsel is an order "issued under Chapter 64." Even so, whether such an order, which addresses a preliminary matter in a Chapter 64 proceeding, is an order that the State may appeal under article 44.01(a)(6) is not clear.[2] However, even assuming that a trial court's order appointing counsel in a Chapter 64 proceeding is an appealable order, the order that the State seeks to appeal here is not such an order. The order being appealed in this case did not appoint counsel for Pentland to assist him in pursuing DNA testing but rather denied the State's motion seeking reconsideration of the trial court's

---

[2] The Court of Criminal Appeals has recognized that the text of article 64.05, which speaks only of procedures and does not address the substance of what may be appealed, does not provide clear guidance of what may be appealed in a Chapter 64 proceeding. *Whitfield v. State*, 430 S.W.3d 405, 408 (Tex. Crim. App. 2014). Concerning the appointment of counsel in a Chapter 64 proceeding, the Court of Criminal Appeals has concluded that the decision to deny appointed counsel is not an "appealable order" under Rule 25.2(a)(2), explaining that:

> [s]uch an appeal is premature; a motion for appointed counsel is a preliminary matter that precedes the initiation of Chapter 64 proceedings. At this stage, a convicted person has only contemplated the filing of a motion for DNA testing. A request for appointed counsel in no way legally binds the convicted person to file a motion for DNA testing. A convicted person may always opt to decline to pursue DNA testing, even after consulting with counsel.

*Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010) (internal citation omitted).

order appointing counsel. The Court of Criminal Appeals has recognized that "[t]he right of the State to request, and the right of the trial court to reconsider, rulings are distinct from the State's limited right to appeal court orders granted by Article 44.01." *State v. Cowsert*, 207 S.W.3d 347, 351 (Tex. Crim. App. 2006).

Even if the trial court's order appointing counsel in a Chapter 64 proceeding is an appealable order under article 44.01, we find no authority for the State to appeal an order denying reconsideration of such an order. *See, e.g.*, *Cowsert*, 207 S.W.3d at 351 (holding that motion for reconsideration was "simply not" motion to suppress that State could appeal under article 44.01). The standard for determining appellate jurisdiction "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *State v. Robinson*, 498 S.W.3d 914, 917 (Tex. Crim. App. 2016) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). Finding no authority for the State to appeal an order denying reconsideration of an order "issued under Chapter 64," we conclude that we do not have jurisdiction over this appeal.[3]

---

[3] Moreover, the State may not appeal later than the 20th day after the date on which the order to be appealed is entered by the court. *See* Tex. Code Crim. Proc. art 44.01(d); Tex. R. App. P. 26.2(b). The record reflects that the State's motion to vacate was filed forty-eight days after the trial court signed the order appointing counsel to Pentland—twenty-eight days after the deadline for filing a notice of appeal concerning the appointment of counsel.

"Article 44.01(d) is more than a mere procedural filing deadline; it is a substantive limit on the State's authority to appeal." *State v. Cowsert*, 207 S.W.3d 347, 352 (Tex. Crim. App. 2006) (citing *State v. Muller*, 829 S.W.2d 805, 812 (Tex. Crim. App. 1992)); *accord State v. Demaret*, 764 S.W.2d 857, 858 (Tex. App.—Austin 1989, no pet.). Under article 44.01(d), on the 21st day following entry of a trial court's appealable order, "the State's authority to appeal under the statute ceases to exist, and [an appellate] court may not revive that right." *Cowsert*, 207 S.W.3d at 352 (quoting *Muller*, 829 S.W.2d at 812).

Allowing the State to appeal an order denying reconsideration of an appealable order—as the State attempts to do here (if an order appointing counsel is appealable)—would, in effect, resurrect the State's right to appeal an appealable order after the right to appeal had expired. If such resurrection is allowed, there would be effectively no limit on the State's right to appeal;

4

## CONCLUSION

Because we find no authority for the State to appeal the trial court's order denying the State's motion to vacate the trial court's previously entered order appointing counsel in a Chapter 64 proceeding, we conclude that we lack jurisdiction over this appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed: August 28, 2019

Do Not Publish

---

the State would need only ask the trial court to reconsider its ruling or vacate an order to "reset" the twenty-day clock. *See id.* "To allow such a reset would render ineffective the time limit for appeal set out in Article 44.01(d) and Rule 26.2, in violation of the Code Construction Act which states, 'it is presumed that . . . the entire statute is intended to be effective.'" *Id.* (citing Tex. Gov't Code § 311.02).