

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00118-CR

———————————————————

BRANDON BLAKE COLEMAN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12297

---

Before Sudderth, C.J.; Bassel and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Pro se Appellant Brandon Blake Coleman appeals from the trial court's denial of his request for DNA profile comparisons under Texas Code of Criminal Procedure Article 64.035. Because Coleman is not entitled to the comparisons, we will affirm.

### Background

Coleman pled guilty to sexual assault and indecency with a child by contact in exchange for a twenty-year sentence. *Coleman v. State*, No. 02-22-00089-CR, 2023 WL 2430027, at *1 (Tex. App.—Fort Worth Mar. 9, 2023, pet. ref'd) (mem. op., not designated for publication). After his conviction, Coleman filed two motions for DNA testing. *Id.* Both motions were denied. *Id.*

Coleman filed a third motion for DNA testing in December 2020. His motion stated that a prior request had been denied because, unbeknownst to him, testing had already been conducted by the State before trial. This court has previously explained the results of that testing. One of the tested samples contained a DNA mixture with a major male contributor and at least one other male DNA contributor, and Coleman was excluded as the source for either. Other samples contained at least two male DNA contributors, but no conclusion could be made regarding whether Coleman was one of them. *Id.* Coleman's motion for DNA testing asked that those swabs be retested with newer, more accurate techniques.

The trial court denied the motion after a hearing, and this court upheld the ruling. *Id.* This court issued its opinion in March 2023. In September 2023, Coleman

filed "Defendant's Request for DNA Comparisons Pursuant to C.C.P. Chapter 64." In his request, he asserted that the pretrial testing had revealed profiles that either could not have originated from him or from which he was excluded as a possible source and that no order had been signed requiring those profiles to be compared to federal and state DNA databases under Texas Code of Criminal Procedure Article 64.035. *See* Tex. Code Crim. Proc. Ann. art. 64.035. The trial court signed an order denying Coleman's request for DNA comparisons. Coleman appeals from that order.

## Discussion

### I. Testing under Chapter 64

Code of Criminal Procedure Chapter 64 authorizes a convicted person to move for DNA testing of evidence that has a reasonable likelihood of containing biological material. *Id.* art. 64.03. Article 64.03 provides the circumstances under which a convicting court may order the DNA testing. *Id.*

Chapter 64 then addresses what the convicting trial court should do with the results from the ordered testing. Article 64.035 provides that "on completion of the testing under Article 64.03," any unidentified DNA profile in the analyzed sample must be compared to DNA profiles in FBI and Department of Public Safety databases. *Id.* art. 64.035. Then, after examining the test results and any DNA profile comparison, "the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." *Id.* art. 64.04.

3

Article 64.05 authorizes an appeal from a trial court's ruling under Chapter 64. *Id.* art. 64.05. In our review on appeal, we "give almost total deference to the judge's resolution of historical fact issues supported by the record and applications-of-law-to-fact issues turning on witness credibility and demeanor," but "we review de novo all other application-of-law-to-fact questions." *Reed v. State*, 541 S.W.3d 759, 768–69 (Tex. Crim. App. 2017).

## II. Coleman's Arguments

In his sole issue, Coleman argues that the trial court erred by not conducting a broad review of DNA test results that "resulted in a denial of the Due[-]Process protections under the 5th and 14th Amendments" to the United States Constitution. He makes several arguments under this issue, none of which make clear the basis of his constitutional complaints. His issue fails for multiple reasons.

First, our resolution of Coleman's prior appeal is dispositive of his new request for DNA profile comparisons. Under the law-of-the-case doctrine, "an appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning the same issue," and "when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution." *State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014). In our previous opinion, we concluded our analysis by holding that "Coleman has not satisfied the requirements of Chapter 64." *Coleman*, 2023 WL 2430027, at *3. Because we have already addressed the legal issue of whether Coleman is entitled to relief under Chapter 64, the law-of-

4

the-case doctrine applies. *See Swearingen*, 424 S.W.3d at 38 (applying law-of-the-case doctrine to request for DNA testing under Chapter 64); *Hernandez v. State*, No. 13-23-00015-CR, 2023 WL 8642704, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 14, 2023, no pet.) (mem. op., not designated for publication) (same).

The fact that Coleman's arguments here relate to existing test results, as opposed to his request for new testing of the same samples, does not warrant a departure from the doctrine. Coleman wants the trial court to order comparisons to discover the identity of third parties whose DNA was detected, but his argument relies on the contention that the presence of a third party's DNA on the samples exonerates him. We rejected that contention in our prior appeal. We noted the existing test results, *Coleman*, 2023 WL 2430027, at *2, and we stated that "because all of the offenses to which Coleman pleaded guilty . . . are contact offenses, neither the absence of his DNA nor the presence of a third party's DNA would exonerate [him]" and that "Coleman's trial counsel testified that the nonbiological evidence against Coleman, including photographs of one of the victims, made it unlikely that Coleman would prevail at trial." *Id.* at *3. We held that Coleman had failed to show that identity was or is an issue in the case or that he would not have been convicted if the results of the requested new testing had been available at trial. *Id.* Because the legal issues raised by Coleman in this appeal and the facts relevant to those issues are virtually identical to what we addressed in our prior opinion, the law-of-the-case doctrine applies. *See Hernandez*, 2023 WL 8642704, at *2.

5

Second, even if we consider Coleman's arguments, they are without merit. Coleman argues that "it is the legislative intent" that a convicting court must order comparisons under Article 64.035 when the court has been presented with completed DNA test results that exclude the defendant as a contributor and contain unidentified profiles. However, by its plain language, Article 64.035 applies "on completion of testing under Article 64.03." *See Campbell v. State*, No. 01-20-00494-CR, 2023 WL 138874, at *6 (Tex. App.—Houston [1st Dist.] Jan. 10, 2023, no pet.) (mem. op., not designated for publication). "Because the unidentified DNA profiles in this case were collected and analyzed during pretrial DNA testing, not in the post-conviction phase of the case, the trial court did not err by failing to take action under the provisions of [A]rticle 64.035." *Timms v. State*, No. 05-17-00784-CR, 2018 WL 3154430, at *3 (Tex. App.—Dallas June 28, 2018, pet. ref'd) (mem. op., not designated for publication).

Coleman contends that he met the most stringent Article 64.035 requirement, which he says is the existence of an unidentified DNA profile. He further argues that "an extra-textual review of Art. 64.035 shows that[ ] (a) the object to be obtained is a comparison when unidentified profiles are present; (b) the title of [A]rticle 64.035 is 'Unidentified Profiles'; and (c) the former statute was amended to include a broad review of Chapter 64 motions." Thus, he contends, "all the necessary requisites are present requiring the convicting court to order [that] the two unidentified male DNA profiles in the results[ ] be compared with the above state and federal databases."

6

However, we must apply the statute as written. *See, e.g.*, *Reinke v. State*, 348 S.W.3d 373, 379–81 (Tex. App.—Austin 2011) (presuming that each word in a statute has a purpose and holding that statute's plain language limits how long defendant could be committed as incompetent to stand trial), *aff'd sub nom. Ex Parte Reinke*, 370 S.W.3d 387 (Tex. Crim. App. 2012); *cf. State v. Cowsert*, 207 S.W.3d 347, 351 (Tex. Crim. App. 2006) (holding that because plain language of article clearly limited State's right to appeal to orders granting motions to suppress evidence, article did not authorize appeal from orders denying State's motion for reconsideration of order granting motion to suppress). Article 64.035 plainly states that it applies "on completion of the testing under Article 64.03." Tex. Code Crim. Proc. Ann. art. 64.035. We generally may not read words out of a statute. *See, e.g.*, *Reinke*, 348 S.W.3d at 379–81; *cf. Cowsert*, 207 S.W.3d at 351. Because Coleman's Article 64.03 motion was denied, no testing under Article 64.03 was conducted, and Article 64.035 does not apply.

Coleman further argues that the legislature broadened the scope of appeals under Chapter 64 to include issues relating to all articles in that chapter. We agree that Coleman may appeal from the trial court's order in this case. *See* Tex. Code Crim. Proc. Ann. art. 64.05; *Whitfield v. State*, 430 S.W.3d 405, 409 (Tex. Crim. App. 2014). However, Coleman seems to further argue that by broadening the scope of appeals under Chapter 64, the legislature also intended to broaden the scope of who has access to relief under Article 64.035, regardless of that article's language. We disagree.

7

Whether the law authorizes Coleman's appeal is a separate question from whether his issue on appeal has merit, and as we have explained, Coleman's argument is not supported by the article's plain language. Because Article 64.035's plain language states that DNA profile comparisons should be ordered "on completion of the testing under Article 64.03," the article did not compel the trial court to order the relief that Coleman sought.

Coleman also asserts that the State suppressed the test results until after his conviction.[1] However, even if the State did so,[2] the statute does not contain an exception for such a circumstance. Coleman is not entitled to a DNA profile comparison under Article 64.035 because no testing was conducted under Article 64.03. *See Timms*, 2018 WL 3154430, at *3. We overrule Coleman's issue.

---

[1]It is unclear if this complaint is the basis of Coleman's due-process argument in his issue. Regardless, Coleman did not make a due-process constitutional complaint in his request in the trial court, so he has not preserved his due-process complaint for review. *See Carreon v. State*, No. 02-23-00129-CR, 2024 WL 482438, at *3 (Tex. App.—Fort Worth Feb. 8, 2024, pet. ref'd) (mem. op., not designated for publication) (quoting *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009), for the proposition that constitutional due-process complaints must be preserved by an objection at trial).

[2]In our previous opinion, we addressed Coleman's contentions that he was not informed of the DNA test results before pleading guilty and that he would not have pled guilty if he had been aware of this DNA evidence. We stated that "a Chapter 64 motion for DNA testing is not the proper vehicle by which to bring such a complaint. Rather, the appropriate pleading to address a lack of awareness of exculpatory evidence prior to pleading guilty is an application for a writ of habeas corpus." *Coleman*, 2023 WL 2430027, at *2 n.5.

## Conclusion

Having overruled Coleman's sole issue, we affirm the trial court's order.

/s/ Mike Wallach

Mike Wallach

Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 24, 2024