

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00243-CR
No. 07-24-00244-CR
_____

THE STATE OF TEXAS, APPELLANT

V.

EZEQUEL CASTANEDA, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court Nos. B22083-2205 & B22084-2205, Honorable Kregg Hukill, Presiding

April 25, 2025

OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

We have Zoom, Teams, and, no doubt, other programs allowing for individuals to visually communicate with each other over the internet. Someday, a la inspiration from various scenes from Star Wars, we may also have technology to broadcast holograms by which individuals in far reaches of our world appear within the same room. Will such technology affect the right to confront witnesses found in the Sixth Amendment of the United States Constitution? That is the very question posed to us. And, that is the very

question we cannot answer in these appeals by the State of Texas from orders denying its motions "to Permit Witness to Testify Via Videoconferencing."

Statute provides the State of Texas limited authority to appeal in criminal cases. That authority is specified in article 44.01 of the Code of Criminal Procedure. *State v. Cowsert*, 207 S.W.3d 347, 350 (Tex. Crim. App. 2006). The provision of said statute invoked by the State at bar is found in subsection (a)(5) of the article. It provides that "the state is entitled to appeal an order of a court in a criminal case if the order . . . grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached . . . and if the prosecuting attorney certifies . . . that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case." TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5). While interpreting those words, our Court of Criminal Appeals observed that "[t]he language of Article 44.01(a)(5) is clear, unambiguous, and does not lead to absurd consequences; thus, . . . we must follow the plain meaning of the text." *Cowsert*, 207 S.W.3d at 350. And, the plain "statutory language of Article 44.01(a)(5) clearly and unambiguously limits the State's right to appeal to orders that ***grant*** motions to suppress evidence." *Id.* (emphasis in original) (involving the State's effort to appeal from an order denying the State's motion to reconsider an order granting the defendant's motion to suppress); *see also Black v. State*, 362 S.W.3d 626, 635 n. 40 (Tex. Crim. App. 2012) (reiterating its previous decision that "the State lacked the right to appeal the denial of the motion for reconsideration because the plain language of Article 44.01(a)(5) permits the appeal only of orders that grant motions to suppress").

The State addressed jurisdiction in its appellate brief. It suggested that same existed because: 1) "jeopardy has not attached"; 2) "the Hale County Criminal District Attorney certified . . . the appeal is not taken for the purpose of delay"; 3) "the evidence is of substantial importance in the case"; and 4) the trial court's order effectively terminates the prosecution in Appellee's favor." These allegations may satisfy other aspects of article 44.01(a)(5) but omit reference to the first component of the subsection, i.e., an order that "grants a motion to suppress evidence, a confession, or an admission." TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5). Nor does the State attempt to explain why or how we should disregard *Cowsert*. And, as for its citation to *State v. Medrano*, 67 S.W.3d 892 (Tex. Crim. App. 2002), the court there did comment that "[t]he legislative intent, explicitly stated in the Bill Analysis, was to permit the State to appeal any 'questionable legal rulings excluding what may be legally admissible evidence.' Period." *Id.* at 900. But, as expressed in *Cowsert*, "the State fails to note that the *Medrano* analysis began from the premise that a motion to suppress is the only type of motion that can be appealed." *Cowsert*, 207 S.W.3d at 351. It further observed that in "*Medrano*, we also held that a motion to suppress evidence is one in which **the defendant claims** that certain evidence should not be admitted at trial for a constitutional, statutory, evidentiary, or procedural reason." *Id*. (emphasis added). So, our reading of *Cowsert* in conjunction with *Medrano* leads us to conclude that all provisions of article 44.01(a)(5) must be met before the State may appeal, including that requiring an order "grant[ing] a motion to suppress." We have neither such motions nor orders here.

To reiterate, the State sought leave to present witness testimony by video conference. No one filed a motion to suppress or to otherwise exclude evidence from

3

trial.  Furthermore, the trial court "denied" the motions of the State to so present evidence.  It granted no motion to suppress or exclude evidence.  Given these circumstances, we do not have before us an appeal by the State from an order that "grants a motion to suppress" within the plain meaning of article 44.01(a)(5), as construed in *Cowsert*.

Saved for another day is the interplay between technology and the Sixth Amendment.  Article 44.01(a)(5) affording the State no avenue of appeal from the orders denying its own motions for leave to present a witness via a particular technological format, we dismiss the appeals before us.

Brian Quinn
Chief Justice

Publish.